WALKER AND LYBROOK ET AL. v. ANNA C. LORING.

No. 434.—Decided June 11, 1896.

1.  **Statute of Frauds—Gift, When Invalid.**

Construing the statute against fraudulent conveyances (Revised Statutes, 1895, art. 2545), which requires that a deed upon consideration not deemed valuable in law shall be deemed void as to prior creditors, "unless it appears that such debtor

was then possessed of property, within this State, subject to execution, sufficient to pay his existng debts," it is held:

(1.) Solvency or insolvency of the grantor is not the test by which the validity of the title is to be determined.

(2.) The words "subject to execution" mean, not only that the property should be such as may be legally levied upon and sold by the sheriff, but that it should also be such as is actually capable of being levied on.

(3.) The meaning of the statute is that the grantor must retain property, of which he has the open and visible ownership, of such value that when subjected to forced sale it will yield a sufficient sum to pay all the existing debts, as well as the taxable costs of their collection.

(4.) Ownership of property, the title to which was concealed from creditors, cannot be taken into account in determining whether the grantor retained sufficient assets to meet the just demands of his creditors.

2. Same.

Land was transferred by deed, not upon valuable consideration, by one against whom there existed an unpaid judgment. There was evidence tending to show that the grantor, at the time of the conveyance, still owned property of value largely exceeding the amount of his debts; and also to show that it was largely incumbered and was not held in his own name. On the issue of the validity of such deed as against the judgment creditor. Held:

(1.) It was error to charge, in such case, that, if the grantor owned property at the time of the conveyance sufficient to pay his existing debts, his deed of gift would not be void as to such creditors.

(2.) It was error to refuse a charge requested that the gift was void, as against his creditors, if the donor had not, at the time, sufficient property subject to execution, in his own name, unconcealed, to pay his existing debts.

(3.) It was not error to refuse a charge that property, in order to be estimated in determining the grantor's solvency, "must not be heavily incumbered." Though it were so, the equity of redemption might still be of value on forced sale.

(4.) It was not error to refuse to charge that such property must be "so circumstanced that neither delay nor difficulty nor expense need be incurred before it can be made available to creditors," delay and expense being necessary incidents to the collection of a debt by law.

ERROR to Court of Civil Appeals, Fourth District, in an appeal from Mason County.

The suit was brought in the District Court by Walker and Lybrook against Rancks' Administrator, to establish a judgment as a claim against his estate, and to fix a judgment lien against certain lands transferred by intestate by deed of gift to Anna C. Loring, who was made defendant. Interveners P. J. Willis & Bro., in their right as holders of claims against the estate, joined in attacking the conveyance to Loring, but contested plaintiff's lien. On the trial plaintiffs' claim was allowed, but the deed to Loring was held valid as against the grantor's creditors. Thereupon both plaintiffs and interveners appealed and, on affirmance of the judgment by the Court of Civil Appeals, both obtained writ of error.

The first and second instructions requested by defendants and interveners were as follows: (1) "You are instructed that a gift is void when the donor, at the time of making such gift, has not enough property, within this State, subject to execution, with which to pay all his debts, and the property so retained must not be heavily encumbered, nor be in such condition that it can not be taken in execution, nor must it consist of notes and accounts;"

(2) "You are instructed that a gift is void when the donor, at the time of making such gift, has not enough property within this State,

subject to execution, with which to pay all his debts, and such property must be so circumstanced that neither delay, nor difficulty, nor expense need be incurred before it can be made available to creditors. The donor must not only have ample means remaining to discharge all his obligations, but these means must be conveniently accessible to his creditors."

The other changes passed upon are copied in the opinion, which also states the material facts.

*Rudolph Runge* for plaintiffs in error; *Walker & Lybrook,* and *R. C. Walker* for plaintiffs in error, P. J. Willis & Bro.—If the debtor is not insolvent at the time of making the gift, but is largely indebted and continues embarrassed, and becomes more and more involved, and ends in insolvency, the gift is void as to the existing creditors whose debts remain unpaid. Parish v. Murphree, 13 How., 92; Lloyd v. Fulton, 91 U. S., 480; U. S. Trust Co. v. Sedgwick, 94 U. S., 28; Bump on Fraud, Conv., pp. 282-3 and 290; Patterson v. McKinney, 97 Ill., 41; Pendleton v. Hughes, 65 Barb., 136; Swartz v. Hazlett, 8 Cal., 118; Parkman v. Welch, 19 Pick., 231; Jones v. Slubey, 5 H. & J. (Md.), 372.

The question of solvency does not depend upon the nominal value of property, but upon whether enough can be realized from the property to pay his liabilities; and if the property reserved is equal in value to the donor's existing indebtedness that does not constitute such sufficient security for his debts as his creditors are entitled to require. Van Bibber v. Mathis, 52 Texas, 406; Parish v. Murphree, 13 How., 92; Bump, Fraud. Conv., pp. 286-7; 2 Bigelow on Fraud, 194-9; Patterson v. McKinney, 97 Ill., 41; Lionberger v. Baker, 88 Mo., 447; Crumbaugh v. Kugler, 2 Ohio, St., 373; Miller v. Wilson, 15 Ohio, 108; Black v. Sanders, 1 Jones (N. C.), 67; Marmon v. Harwood, 124 Ill., 104; Emerson v. Bemis, 69 Ill., 537; Paulk v. Cooke, 39 Conn., 566; Churchill v. Wells, 7 Cold. (Tenn.), 374; Goodman v. Wineland, 61 Md., 449; Warner v. Dove, 33 Md., 586; Elwell v. Walker, 52 Iowa, 256.

Plaintiffs having alleged in their petition, and the evidence showing that, at the time of the gift by James E. Ranck to the defendant Loring, Ranck had, and claimed, no property in his own name, but that all the property he owned was held in the name of other persons, and that it was all heavily encumbered and not conveniently accessible to his creditors' execution, it was error to charge the jury that the turning point of the validity or invalidity of the gift was whether Ranck owned enough property in the State, at the time of such gift, (besides the property donated) to pay his existing debts, without reference to the circumstances or situation of such other property, or without reference to the incumbrances thereon or title thereto, it not being necessary that insolvency should be either proved or presumed to render a voluntary conveyance void. Parish v. Murphree, 13 How., 92; Bump on Fraud Conv., 382, 287-8; 2 Bigelow on Fraud, 194-9; Hunters v. Waite, 3 Gratt., 26; Paulk v. Cooke, 39 Conn., 566; Worthington v. Bullett, 6 Md., 172; Church v. Chapin, 35 Vt., 223; Jacks v. Tunno, 3 Dessau., (S. C. )1; Jones v. Slubey,

5 H. & J. (Md.), 372; Mohawk Bank y. Atwater, 2 Paige, 54; Wooters v. Osborn, 77 Ind., 513; Parkman v. Welsh, 19 Pick., 231; Swartz v. Hazlett, 8 Cal., 118; Thompson v. Webster, 7 Jur., (N. S.) 531.

The court erred in refusing the first special charge asked by the plaintiffs and intervener. Parkman v. Welch 19 Pick., 231; Patterson v. McKinney, 97 Ill., 41; Marmon v. Harwood, 124 Ill., 106; Wooters v. Osborn, 77 Ind., 513; Worthington v. Bullett, 6 Md., 172; Salmon v. Bennett, 1 Conn., 525; 7 Am. Dec., 237.

The court erred in refusing to give special charge No. 2 asked by plaintiffs and said intervener. Bump on Fraudulent Conveyances, 287 and 288; Hunters v. Waite, 3 Gratt., 26; Church v. Chapin, 35 Vt., 223; Eddy v. Baldwin, 32 Mo., 369; Wooters v. Osborn, 77 Ind., 513; Worthington v. Bullett, 6 Md., 172; Van Wyck v. Seward, 18 Wend., 375; Levering v. Norvell, 9 Baxter (Tenn.), 176; Henderson v. Loyd, 3 F. and F., 7.

The court erred in not giving special charge No. 3, asked by plaintiffs and intervener.

(This is the charge copied in the opinion of the court. Authorities same as above.)

*A. W. Moursund* and *Geo. C. Altgelt,* for defendant in error.—If Ranck at the time of the gift was possessed of ample property subject to execution with which to pay his then existing debts, he had the right to have the land conveyed to appellee, and the court in its general charge fully presented this issue. Revised Statutes; Dosch v. Nette, 81 Texas, 268; Van Bibber v. Mathis, 52 Texas, 406.

In order to sustain a gift, it is sufficient if the debtor have property subject to execution with which to pay his existing debts, and the court did not err in refusing appellants' special charge No. 4, which adds the words: "which would sell for enough under execution to pay his then existing debts."

Where, as in this State, the statute has superseded the common law, and the cause or causes making a gift void are defined and set forth in the statute (Rev. Stat., art. 2544 and 2545). Neither the common law nor the conclusions of courts, based on the common law or on statutes of other States, can govern in determining the validity or invalidity of a gift. It must of necessity be governed solely by the statute itself.

GAINES, CHIEF JUSTICE.—Walker & Lybrook brought this suit against J. W. Collier, as administrator of the estate of James E. Ranck, deceased, to establish a claim against the estate, and also to fix a judgment lien upon certain lands, once the property of the intestate, claimed by the defendant in error, Anna C. Loring. They also alleged that, after their debt accrued, Ranck conveyed the lands in controversy to the defendant in error in fraud of his creditors. P. J. Willis and Brother intervened in the suit, alleging that they held an established claim against the estate; that the conveyances to the defendant in error were fraudulent; but denied that the plaintiffs had secured a lien upon the lands in

controversy. There was another intervener; but since the judgment of the trial court in regard to her claim has not been appealed from, it need not be noticed. The case having been submitted to a jury, a verdict was returned establishing the claim of the plaintiff as an ordinary debt against the estate, and finding that the conveyances to Anna C. Loring were valid. A judgment was rendered in accordance with the verdict. The plaintiff and interveners, P. J. Willis and Brother, appealed to the Court of Civil Appeals, where the judgment was affirmed. To reverse the judgment of the trial court and that of the Court of Civil Appeals, the appellants have sought and obtained a writ of error from this court.

The conveyances which were sought to be set aside were made on the —— day of August, 1887, and the defendant in error, in her testimony, admitted that they were voluntary,—that is, that she paid no consideration therefor. On the 19th day of November, 1885, the plaintiffs recovered a judgment against Ranck for $1349.13, in the District Court of Calhoun County. Soon thereafter execution issued upon this judgment to that county, but was returned no property found. It appears, however, that Ranck lived in Mason County, and that most of his property was within the latter county. No part of this judgment was ever paid.

At the time of the conveyances in question, Ranck also owed interveners P. J. Willis and Brother about the sum of $12,000. Neither was this debt paid. It had been established as a claim against his estate and then amounted to about $20,000. At the time of the trial the administrator, from the proceeds of the sale of certain property, which had been mortgaged by Ranck to secure the debt, had reduced the claim to $8000 or $9000. The estate then owned assets not exceeding in value $4000. There was testimony tending to show that, at the time of the conveyances to the defendant in error, Ranck had assets amounting in value to $75,000, or more. Some. of these were very largely encumbered. On the other hand, there was testimony tending to prove that none of the property owned by him was held in his own name. This is strongly corroborated by the fact that the plaintiffs had a judgment against him, no part of which had been satisfied at the time of his death. in 1892.

Such being the state of the evidence, the court charged the jury as follows:

"You are instructed that any gift, or conveyance of property made by a debtor would be void as to prior creditors, unless it appears that such debtor was, at the time, possessed of property within this State, subject to execution, sufficient to pay his existing debts.

"The main question for you to determine is, was James E. Ranck solvent or insolvent on August 13, 1887? That is, was Ranck, at said time, possessed of property, in this State, (other than the four tracts of land mentioned) subject to execution, sufficient to pay his then existing debts?

"If he owned other property at said time, within this State, subject to execution, sufficient to pay his then existing debts, then he had the right to have said lands conveyed to defendant, Anna C. Loring; and if, from

a preponderance of the evidence, you find said Ranck, on August 13, 1887, was possessed of property in this State, subject to execution, sufficient to pay his debts, then you should find for defendant, Anna C. Loring.   But, if you find that on said August 13, 1887, said Ranck was not possessed of property within this State, subject to execution, sufficient to pay his then existing debts, you should find for plaintiffs and interveners."

The plaintiff and interveners on the other hand requested the court to give the following special instruction, which was refused:

"The plaintiffs allege in their petition that since 1870 James E. Ranck, up to the time of his death, held no property within this State, subject to executon, out of which to make their debt; but that, if he had any property during said time, he kept it concealed and caused the legal title to be made and held by other persons, for the purpose of defrauding plaintiffs and to evade the payment of their just claim; and you are instructed that a gift is void, when the donor has not sufficient property, subject to execution, in his own name, unconcealed to pay his existing debts."

Errors have been assigned in the Court of Civil Appeals and in this court, both upon the giving of so much of the charge quoted as states the question to be determined, and upon the refusal to give the special instruction requested.

We are of the opinion that the court erred in both particulars.   Our statute upon this subject reads as follows:

"Every gift, conveyance, assignment, transfer or charge made by a debtor, which is not upon consideration deemed valuable in law, shall be void as to prior creditors unless it appears that such debtor was then possessed of property within this State subject to execution sufficient to pay his existing debts; but such gift, conveyance, assignment, transfer or charge shall not on that account merely be void as to subsequent creditors, and though it be decreed to be void as to a prior creditor, because voluntary, it shall not for that cause be decreed to be void as to subsequent creditors or purchasers."

The court's ruling can only be sustained by strict adherence to the letter of the statute.   In our State property which had been fraudulently conveyed may be sold under execution, without first bringing a suit to set aside the conveyance.   So, an equitable title is subject to be levied upon and sold by the sheriff.   It follows that, if the statute is to receive a literal interpretation, a debtor who reserves property not exempt from forced sale, of sufficient value to pay his debts, although the apparent title may be in the name of another, may convey the remainder for a consideration not deemed valuable in law, and pass the title thereto.   A moment's reflection is sufficient to suggest the consequences to which such a construction would lead.   The purpose of the statute is the protection of creditors against voluntary conveyances by their debtors.   It is based upon the maxim that a man must be just before he is generous.   It denounces a voluntary conveyance as fraudulent and void against existing

creditors, with one exception,—and that is, that he still retains sufficient property from which the creditors may make their debts by due process of law. It does not mean that the conveyance is valid if the property, at a fair market value, is sufficient to cover the debts. Nor does it mean that it is enough merely that the property, if discovered, is subject to levy and sale. But it means that he must retain property of which he has the open and visible ownership, of such value that, when subjected to forced sale, it will yield a sufficient sum to pay all the existing debts as well as the taxable costs of their collection. What protection is the statute to a creditor if the debtor may conceal a part of his property and give away the remainder? What advantage accrues to him from his debtor's ownership of property, if he is unable to discover it? We think, therefore, that the words, "subject to execution," mean not only that the property should be such as may be legally levied upon and sold by the sheriff, but that it should also be such as is actually capable of being levied upon. It follows from what we have said that in our opinion, the test of solvency or insolvency of the grantor was not that by which the defendant in error's title was to be determined; and that in so far as Ranck owned property at the time of the conveyances in controversy, his title to which was concealed from the creditors, it cannot be taken into the account in determining whether he retained a sufficiency of assets to meet the just demands of his creditors. The decisions of other courts accord with these views. In Blake v. Sawin, 10 Allen, 340, the court hold that a debtor who has concealed his property in order to defraud his creditors is to be regarded as insolvent, although he may have sufficient assets to pay his debts. See also Eddy v. Baldwin, 32 Mo., 369; Church v. Chapin, 35 Vt., 223; Worthington v. Bullett, 6 Md., 172; Levering v. Norvell, 9 Baxt., 176.

The charge, the refusal of which is complained of in the second assignment in the Court of Civil Appeals, should not have been given. It was not proper to instruct the jury that the debtor's property, which was to be estimated in determining his solvency, "must not be heavily incumbered." Property may be heavily incumbered and yet the equity of redemption may be valuable, even at a forced sale. It would have been proper to tell the jury that the property subject to mortgage was only to be estimated at what the equity of redemption would probably yield when subjected to forced sale.

Special charge No. 2 was also properly refused. It was not proper to tell the jury that such property must be "so circumstanced that neither delay nor difficulty nor expense need be incurred before it can be made available to creditors." Delay and expense is a necessary incident of every effort to enforce the collection of a debt by process of law.

The other assignments presented in this court are upon matters of fact, and will not be discussed.

The judgment is reversed and the cause remanded.

*Reversed and remanded*