**TEXAS NAT. BANK OF BEAUMONT v. EDSON et ux.**

**No. 3824.**

Court of Civil Appeals of Texas. Beaumont.

March 12, 1941.

Rehearing Denied March 26, 1941.

Geo. A. Weller, of Beaumont, for appellant.

Lamar Cecil and Strong, Moore & Strong all of Beaumont, for appellees.

WALKER, Chief Justice.

August 10, 1931, E. G. Edson, as a deed of gift, conveyed to his wife, Eleanor W. Edson, the following described property, of the reasonable market value, on the date of the conveyance, of $30,000: Lots 3, 4, and 5, in Block 485 of the city of Houston, S.S.B.B., Harris County, Texas. This deed was filed for record in the deed records of Harris county October 13, 1931.

On the date Mr. Edson deeded this property to his wife there was against it 'a lien to secure an indebtedness of Mr. Edson in the sum of $17,500, which Mrs. Edson paid out of her separate estate between the dates March 24, 1932, and November 21, 1934. On October 5, 1933, appellant recovered judgment against E. G. Edson in the district court of Jefferson county for the sum of $38,042.49, which was the balance due on certain notes executed by Mr. Edson to appellant prior to August 1, 1931. On January 18, 1937, this judgment was abstracted in the abstract judgment records of Harris county, showing a balance due on the judgment of $31,849.75, also on the 18th day of January, 1937, appellant abstracted a second judgment against Mr. Edson for the sum of $37,104.-74.

On the 19th day of November, 1936, E. G. Edson filed his voluntary petition in bankruptcy; and appellant duly filed its claim in the bankruptcy proceedings. On December 5, 1936, J. Zorn was elected trustee in bankruptcy for the Edson estate, and was discharged as trustee on the 19th day of May, 1937. Edson filed his petition for discharge in bankruptcy on the 31st day of November, 1936, which was granted on the 20th day of June, 1938, over appellant's objections. During the pendency of the controversy over Edson's discharge in bankruptcy, appellant never at any time took any action calculated to render its claim of a lien on the property in question justiciable in the bankruptcy court. No formal demand was made upon the trustee in bankruptcy to take or attempt to take possession of such property, nor was any action of any kind taken by appellant regarding this property.

This suit was filed by appellant in the district court of Jefferson county against appellees, Mrs. Eleanor W. Edson and her husband, E. G. Edson, pleading the execution of the deed by Edson to his wife; its judgment against Edson and the abstracting of these judgments; and quoting from the petition, "That the deed from E. G. Edson to Mrs. Eleanor W. Edson, being a deed of gift as hereinbefore alleged, and having been executed and delivered at the time when E. G. Edson was insolvent and without sufficient property within the State of Texas subject to execution to pay his existing creditors, same was therefore void under Article 3997 [Vernon's Ann.Civ. St.], and the legal and equitable title to said property at all times re-

mained in the defendant, E. G. Edson, and under and by virtue of the recording and indexing of said abstract of judgment, a valid, binding and subsisting lien was created upon said property, and plaintiff is entitled to have same established and foreclosed"; the Edson bankruptcy proceedings; the appointment of the trustee in bankruptcy; and his failure to claim the property in controversy as a part of the assets of the Edson estate. The prayer was that the deed from E. G. Edson to his wife "be decreed void and set aside, canceled and held for naught and that plaintiff's lien created by virtue of said abstracts of judgment be established and foreclosed and that the property be ordered sold as under execution."

Appellees answered by general and special demurrers, general denial, and specially that by reason of the bankruptcy proceedings against Edson and his discharge therein, appellant acquired no lien against the property in controversy. They also specially plead the several statutes of limitations.

On trial to the court without a jury, judgment was against appellant that it take nothing, and in favor of appellees that they go hence without day and recover their costs, from which appellant has duly prosecuted its appeal to this court.

In support of its judgment, the trial court filed conclusions of fact and law, from which we have taken the facts summarized above. The court further found that on August 10, 1931, the date E. G. Edson conveyed the property in controversy to his wife, he was solvent and that this deed "was valid under the provisions of Article 3997 of the Revised Civil Statutes, and that said E. G. Edson was at the date of such conveyance and at the date of its recordation in Harris County, Texas, to-wit: On August 10, 1931 and October 13, 1931, possessed of property within the State of Texas subject to execution sufficient to pay his existing debts." The court also found in favor of appellees on the issue of four years limitation and "that the filing of the abstract of judgment herein in Harris County, Texas after November 20, 1936, the date upon which E. G. Edson was adjudicated a bankrupt, did not fix a judgment lien upon the property here involved."

We affirm the trial court's conclusion that E. G. Edson was solvent on August 10, 1931, the date he executed the deed in controversy to his wife. The evidence raised the issue that on December 31, 1930, E. G. Edson owned the following property, of the reasonable market value indicated:

| | | |
|---|---:|---:|
| Cash in Banks | $ 6,800.00 | |
| Stock—The B. F. Goodrich Co. 650 shares | 13,000.00 | |
| "  The Texas Corporation 750 shares | 24,750.00 | |
| Stock—Equity with Brokers | 25,000.00 | |
| "  Various N. Y. Stock Exchange, listed | 100,000.00 | |
| "  and Bonds, Miscellaneous | 100,000.00 | $ 269,550.00 |
| Stock—The Wilson Holding Company | 603,000.00 | |
| "  The Edson Realty Company | 357,000.00 | $ 960,000.00 |
| Notes Receivable | 43,000.00 | |
| Mortgage note Receivable | 3,500.00 | 46,500.00 |
| Real Estate—Houston, Texas | 56,500.00 | |
| "  "  Kansas City, Mo. | 6,500.00 | |
| "  "  Kaplen, Texas | 5,000.00 | |
| "  "  Beaumont, Texas | 38,000.00 | |
| "  "  Eleanor Apartments & Property | 65,000.00 | |
| "  "  Residence and Furniture | 35,000.00 | $ 206,000.00 |
| Personal Jewelry, Etc. | 20,000.00 | |
| Automobiles (5) | 5,000.00 | $ 25,000.00 |
| | | $1,507,050.00 |

The evidence also raised the issue that on February 1, 1932, E. G. Edson owned the following property, of the market value indicated:

| | | |
|---|---:|---:|
| Cash in Banks | $ 2,000.00 | |
| New York Stocks | 65,000.00 | |
| Miscellaneous Stocks & Bonds | 57,000.00 | |
| Stock—The Wilson Holding Company | 603,000.00 | |
| Stock—The Edson Realty Company | 175,000.00 | $ 902,000.00 |
| Notes Receivable | | 46,500.00 |
| Real Estate: | | |
|     Kansas City | 6,500.00 | |
|     Houston | 10,000.00 | |
|     Beaumont | 35,000.00 | |
|     Eleanor Apartments | 65,000.00 | |
|     Residence and Furniture | 35,000.00 | 141,500.00 |
| Total Assets | | $1,090,000.00 |

The Wilson Holding Company and the Edson Realty Company are Texas corporations. It would serve no useful purpose to review the testimony on the issues of the ownership of this property and of its value. Certain witnesses testified that this property belonged to E. G. Edson, and that its reasonable cash market value was the several sums indicated. The trial was to the court without a jury and he accepted as true their testimony.

Appellant's construction of the testimony is to the effect that on the date the deed was executed by Edson to his wife, and on the date that deed was recorded, E. G. Edson owed debts to the amount of $563,823.-80, and a further liability in a certain receivership proceeding of $100,000.

On the statement made, E. G. Edson owned property of the reasonable market value, on December 31, 1930, of $1,507,050, and on February 1, 1932, of $1,090,000, against an indebtedness as claimed by appellant of $563,823.80. We think the court's finding that E. G. Edson was solvent on the 10th day of August, 1931, does not contravene in any way the following statement of the law announced by our Supreme Court in Walker v. Loring, 89 Tex. 668, 36 S.W. 246, 247: "It does not mean that the conveyance is valid if the property, at a fair market value, is sufficient to cover the debts. Nor does it mean that it is enough merely that the property, if discovered, is subject to levy and sale. But it means that he must retain property of which he has the open and visible ownership of such value that when subjected to forced sale it will yield a sufficient sum

to pay all the existing debts as well as the taxable costs of their collection."

On this conclusion, the judgment of the lower court must be affirmed; so, we pretermit a discussion of appellant's assignments against the court's conclusion "that the filing of the abstract of judgment herein in Harris County, Texas after November 20, 1936, the date upon which E. G. Edson was adjudicated a bankrupt, did not fix a judgment lien upon the property here involved"—in our judgment this conclusion is a correct construction of the facts of this case on this issue. We also pretermit a discussion of the finding in favor of appellees on the limitation issue.

The judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.

Affirmed.

## On Rehearing.

Since we pretermitted a discussion of the issues of bankruptcy. we overrule appellant's request for fact findings on that issue. We also overrule the request to find that certain stocks listed in the original opinion were held as collateral to secure certain indebtedness; these stocks were listed as a part of Mr. Edson's assets, and the indebtedness which they secured was listed among his liabilities; therefore, the requested findings are immaterial on the issue of Mr. Edson's solvency. The requested findings as to the value of certain stocks listed in the original opinion, at dates subsequent to the execution of the deed in issue and the date it was filed for record, and subsequent to the dates on which the values were fixed as listed in the original opinion, are refused; this testimony was all before the court; it is well known that the values of stocks in many

instances were wiped out within a few months during the years of '31–'33. The values of the stocks listed in the original opinion had support in the testimony as of the dates therein reflected; so, as an attack on the court's findings of fact, on the issue of the values of these stocks, it is immaterial that when they were sold at forced sale in 1932–1933, they brought sums far below the amounts listed in the statement brought forward in the original opinion. We overrule the request to find that the indebtedness against the property in issue was paid with community funds; the evidence supports the court's conclusion that this indebtedness was paid "out of the separate estate of Eleanor W. Edson." The amount of Mr. Edson's liabilities, as of the date the deed in issue was executed and recorded, is reflected in the original opinion; therefore, appellant's requested findings on this point are overruled.

■ On rehearing appellant insists that the court erred in receiving in evidence the financial statements made by E. G. Edson on December 31, 1930, and February 1, 1932. This case was tried to the court without a jury. After these statements were received, the witnesses, in testifying in relation thereto, simply used them as memoranda upon which to base their estimate of Mr. Edson's assets and their value. If the financial statements were not admissible as original evidence, certainly the court did not err in permitting the witnesses to use them as memoranda for the basis of their testimony.

Appellant makes the following contention: "We call the Court's attention to the fact that the statement was dated February 1, 1932, and on March 10, 1932, which is thirty-eight days from the date of the statement, Wilson Holding Company stock sold at forced sale for $20.00 per share. Again sixty days after that date it sold for $20.00 per share. Again sixty days from the date of the statement it sold for $30.00 per share." The point thus made was simply on the weight of the testimony; the fact that the Wilson Holding Company stock, on the dates mentioned, sold at $20 per share, did not as a matter of law control its value on the dates when the deed was executed and recorded.

We pretermitted discussion of the issues on bankruptcy, therefore appellant's assignments on this issue are overruled.

Appellant advances the following proposition: "The Court should note that the only evidence offered by Mrs. Edson with reference to property owned by Edson was the financial statement of February 1, 1932, and his testimony that he owned this property on October 13, 1931. There is no testimony regarding the value of the properties owned as of those dates."

In answer to this contention, we simply quote appellant's 21st proposition: "The court (trial court) erred in admitting in evidence, over objection of plaintiff, the testimony of defendant, E. G. Edson, on direct examination, to the effect that the items listed as assets in his statement dated December 31, 1930, were of the reasonable market value set opposite such items in said statement as of that date."

23rd proposition: "The court (trial court) erred in admitting in evidence, over objection of plaintiff, the testimony of defendant, E. G. Edson, on direct examination, to the effect that he owned assets listed in his statement on February 1st, 1932, as of that date."

24th proposition: "The court (trial court) erred in admitting in evidence, over objection of plaintiff, the testimony of defendant, E. G. Edson, on direct examination, to the effect that the items listed as stocks and bonds in his statement of February 1st, 1932, reflected the reasonable cash value set opposite such items in such statement as of that date."

25th proposition: "The court (trial court) erred in admitting in evidence over objection of plaintiff, the testimony of defendant, E. G. Edson, on direct examination, to the effect that the items listed as liabilities in his statement dated February 1st, 1932, reflected all of his liabilities as of the date of said statement."

26th proposition: "The court (trial court) erred in admitting in evidence, over objection of plaintiff, the testimony of defendant, E. G. Edson, on direct examination to the effect that the items of real estate in his statement of February 1, 1932, reflected the reasonable market value set opposite such items in said statement as of that date."

These propositions clearly sustain our conclusion that the court had before it affirmative testimony as to the value of the stocks listed in the original opinion on the dates therein set out. We have carefully considered appellant's assignments against this testimony, and they are overruled.

All assignments to the effect that the court's conclusions of fact, as brought forward in the original opinion, are against the overwhelming weight and preponderance of the testimony, are overruled.

On original submission, as on this rehearing, the court carefully reviewed appellant's propositions of error on all issues discussed.

The motion for additional fact findings is granted to the extent set out herein, and in all other respects refused. The motion for rehearing is overruled.