## O. M. CARTER v. FORBES LITHOGRAPH MANUFACTURING COMPANY.

Decided February 16, 1900.

**1. Jurisdiction—Venue in Action Against Nonresident.**

Where suit upon open account for goods sold to an insolvent corporation domiciled at Houston, Texas, was brought there against its president upon his personal guaranty of the account, and upon his liability for not having applied assets of the corporation once in his hands to its payment, and citation was personally served upon him there, and it was shown that he was there much of the time looking after the affairs of the corporation, his plea to the jurisdiction, based on the fact of his residence in another State, was properly held unavailing.

**2. Guaranty by Telegram—Proof Held Sufficient.**

Over the defendant's sworn plea of non est factum and his testimony that he does not remember sending the telegram and believes he did not do so, his written guaranty of an account by telegram may be proved by copy of the telegram as received, and by other circumstances, the original message as deposited for transmission having been lost or destroyed. See the opinion for evidence held sufficient.

**3. Trustee of Corporation Diverting Its Funds—Personal Liability for Its Debt.**

Where a corporation, upon ceasing to be a going concern, places assets in the hands of its president, as trustee, sufficient to pay its debts, and he leaves a debt unpaid, distributing a surplus of such assets left over among the stockholders, himself being one of them, he is personally liable for such debt.

**4. Practice in Trial Court—Harmless Error in Admitting Evidence.**

Where the trial was before the court without a jury, and there was ample legal evidence to sustain the judgment, the court is presumed to have been uninfluenced by a part of the evidence improperly admitted.

ERROR from the County Court of Harris. Tried below before Hon. E. H. VASMER.

*W. G. Love,* for plaintiff in error.

*Ross & Wood* and *Pat Egan,* for defendant in error.

GILL, ASSOCIATE JUSTICE.—This action was brought by the Forbes Lithograph Manufacturing Company, plaintiff below, in the Justice Court

of precinct No. 1, Harris County, Texas, against O. M. Carter, plaintiff in error, to recover the sum of $112.85 alleged to be due for certain printing furnished the Omaha and South Texas Land Company on the personal order and guaranty of said Carter. It was also alleged that at and prior to the date of the suit the land company had ceased to do business and was no longer a going concern, and had turned over to O. M. Carter, who was its president, its entire assets of the value of $25,000 for the liquidation of its debts. That Carter paid all the debts of the concern except this one of plaintiffs, and distributed the surplus among the stockholders, himself among the number. That the amount thus distributed far exceeded the amount for which plaintiff sued.

The prayer was for judgment for the debt, interest and cost, and for general relief. A trial resulted in a judgment for plaintiff, and on appeal to the County Court a trial before the court without a jury resulted in like manner.

Carter, the defendant in the court below, filed in due order of pleading a plea to the jurisdiction of the court, alleging that he was at the time of bringing the suit and at the time of the trial a nonresident of Texas, and that plaintiff was also a nonresident. This plea was presented and overruled in each of the trial courts, and such action is assigned as error.

We do not think the assignment should be sustained. The concern for which the goods were purchased was doing business in Houston, Harris County, Texas. Carter was its president, and spent much of his time in said city attending to the affairs of the company and other concerns in which he was interested. He was actually found and served with process in precinct No. 1 of said county. That the character of this action is transitory is conceded. That such a suit may be maintained in this State between nonresidents is too well settled for discussion or citation of authorities.

In support of the allegation of guaranty, or that the goods were sold on the personal responsibility of Carter, plaintiffs alleged that, as they were not familiar with the financial standing of the land company, they declined to furnish the goods except upon the personal responsibility of Carter. That they wrote him a letter to this effect, and received in reply the following telegram: "Complete and forward here lithograph cards of all manufacturing establishments. I personally guarantee pay for same. (Signed) O. M. Carter." Upon the faith of this telegram the goods were shipped to the address of O. M. Carter, Houston, Texas.

This allegation was met by Carter with a sworn plea of non est factum, and it is contended by him that the finding that he executed or sent such a telegram is unsupported by any evidence.

It was shown that this telegram was received by plaintiffs at Boston, Mass., their domicile, in response to their refusal to ship in the absence of such guarantee. The telegram and envelope as received was in evidence. It bore the approximate date of the transaction. It purported to have been sent from Houston, Texas. Carter was shown to have been in Houston at that time. It was addressed to E. N. Badger, plaintiffs' agent,

with whom Carter had personally negotiated the transaction. The goods were shipped to his personal address at Houston and were received and opened by him. Badger testified that he and Carter had an interview in Boston prior to the shipment of the goods, and when the order was negotiated, and that in that interview Carter was informed that he would be held personally responsible for the order, and that he consented. It was conclusively shown that in a contemporaneous transaction regarding some large maps the plaintiffs required his personal guaranty and received it.

Carter himself admitted that plaintiffs were acquainted with his financial standing and knew nothing of the land company. Subsequent demands made on Carter personally for payment of the bill were replied to by Carter, sometimes personally, sometimes as president of the land company, in all of which the correctness and justness of the claim was unquestioned and payment promised. It was shown that inquiry had been made at the Houston office of the telegraph company for the original telegram without success, it being the rule of the company to destroy such originals every six months, and that more than six months had elapsed before the inquiry was made.

These facts and circumstances not only establish prima facie that Carter sent such telegram, but are sufficient to satisfy any reasonable mind of the fact that it was so sent. The only opposing proof by which it is sought to be overthrow is the testimony of Carter himself, which is by no means satisfactory. He seems to have believed that he did not send it. He swears that he did not, to the best of his knowledge and belief. He refuses to swear positively that he did not. He says he has no recollection of sending it. That he is as positive of it as he can be of a negative, but his testimony bears evidence of uncertainty, and would authorize the inference that his conclusion is based largely upon his knowledge that the land company was at that time as solvent as he, and that there was no necessity for the guarantee. Yet he does not deny that his guarantee was required and given in the matter of the maps.

We think the finding of the court is sustained by the evidence. Pullman Car Co. v. Nelson, ante, p. 223; Lewis v. Alexander, 31 S. W. Rep., 417, and authorities there cited; 25 Am. and Eng. Enc. of Law, 881; Tel. Co. v. Collins, 125 Pac. Rep., 187; Elwood v. Tel. Co., 45 N. Y., 552; Crossw. on Electricity, sec. 671.

The trial court found as a further basis for its judgment that the land company had turned over its entire assets to O. M. Carter with instructions to liquidate its indebtedness. That all creditors were paid except plaintiffs. That Carter, having found a surplus in his hands after paying such other indebtedness, distributed such surplus among the stockholders, and that having actual notice of plaintiffs' debt, he was liable therefor because he had diverted the funds from the purpose for which they had been placed in his hands. The facts were pleaded, and the relief was properly granted under prayer for general relief.

Carter's own evidence shows that the funds were placed in his hands for the purpose named; that plaintiffs' debt came within the contempla-

tion of such trust, and that he returned the surplus to the stockholders without paying plaintiffs' debt. His statement that he would have paid it out of such funds had he not overlooked it, amply authorizes the conclusion that the funds in his hands were sufficient to discharge the debt sued for, and the court correctly held him liable upon that ground.

The objections to the portion of the depositions which undertake to give the items of the account as they appeared in plaintiffs' books should have been sustained, as also the parts undertaking to give the contents of the telegram in question, but these errors are rendered absolutely harmless by the production of the telegram as received, and by the fact that the items of the account and the entire account were established by legal evidence to be unquestionably correct.

The trial was before the court without a jury, and there being ample legal evidence to sustain the judgment, he is presumed to have been uninfluenced by the part which was improperly admitted.

The question of limitation is eliminated by the proof. Having found no reversible error in the record, the judgment is affirmed.

*Affirmed.*