## J. L. RUTHERFORD ET AL. v. C. C. CARR.

### No. 1438. Decided June 1, 1905.

**1.—Limitation—Fraudulent Conveyance—Trespass to Try Title.**

An action to recover land by one claiming under execution sale against one holding under a fraudulent conveyance by the defendant in execution is governed by the statutes of limitation applicable to such form of action, and is not barred by plaintiff's failure to bring suit within four years to set aside the conveyance for fraud. (Pp. 103–107.)

**2.—Same—Pleading.**

The fact that defendant in trespass to try title, by pleading specially his conveyance from the owner under whom plaintiff claimed by a subsequent execution sale, compelled the plaintiff to plead specially that such conveyance was in fraud of creditors, did not convert the action from one to recover land upon a legal title, to which only the limitation of such suits was applicable, into an action to set aside a deed, barred in four years irrespective of possession held by defendant. (P. 105.)

**3.—Fraudulent Conveyance—Void and Voidable—Election of Remedies.**

Though commonly held voidable, rather than void, a fraudulent conveyance is made by the statute (Rev. Stat., art. 2544) void and as though never made, as between the creditor and the fraudulent vendee. The creditor need not, though he may, sue to set it aside; but may sell the property on his execution against the debtor; and acquires thereby the legal title on which he may maintain trespass to try title against those holding under the

fraudulent conveyance with notice, in which action no limitation runs against his right to make proof of the fraud, so long as his cause of action is not barred by adverse possession. (P. 104.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Titus County.

Rutherford and others sued Carr in trespass to try title. Defendant had judgment and plaintiffs appealed, and on affirmance they obtained writ of error from the Supreme Court.

*B. T. Wilkinson* and *Chas. S. Todd,* for plaintiffs in error.— The original petition, on which this case was tried, is, in form, substance and intent, an action of trespass to try title for "recovery of real estate," and not a suit in equity to cancel or set aside a deed. The fact that it contained additional allegations briefly stating the nature of plaintiffs' title and defendant's claim, does not make it any the less a suit for the recovery of land. Dangerfield v. Paschal, 20 Texas, 552; Shepard v. Cummings, 44 Texas, 502; Bridges v. Cundiff, 45 Texas, 443; Grimes v. Hobson, 46 Texas, 419; Titus v. Johnson, 50 Texas, 237; State v. Snyder, 66 Texas, 694; McCampbell v. Durst, 40 S. W. R., 319.

Because it has been held that a conveyance in fraud of creditors is not void *as between the parties* or as to *innocent purchasers,* the Court of Civil Appeals concludes, we think erroneously, that it is not void, but only voidable, *as to creditors, whom it was made to defraud.* We think the statute intended to make such conveyances *absolutely void as to creditors,* and such has been the almost unbroken construction of the Statute of Frauds from its original enactment in England and its adoption in the various States of the United States of America, and it has been so laid down in all the standard textbooks, and a long list of adjudicated cases including many earlier cases in Texas. Bump on Fraudulent Conveyances (2d ed.), 465, 466, 517, 518.

As against the fraudulent transferee the creditor may seize the property, whether real or personal, and proceed to sell it under execution. The title transferred by such sale is not a mere equity—not the right to control the legal title and *to have the fraudulent transfer vacated* by some appropriate proceeding; *it is the legal title itself* against which the fraudulent transfer is *no transfer at all.* Freem. Ex., sec. 136; Baldwin v. Peet, 22 Texas, 716; Belt v. Raguet, 27 Texas, 481; Taylor v. Townsend, 61 Texas, 146; Blum v. Simpson, 66 Texas, 84; 71 Texas, 688; Amaker v. New, 33 S. C., 28; Boothe v. Bunce, 33 N. Y., 154; Pratt v. Wheeler, 72 Mass., 520; Hyslop v. Clarke, 14 John (N. Y.), 458; Austin v. Bell, 20 John (N. Y.), 442; Lowry v. Orr, 6 Ills. 70; Marston v. Marston, 54 Me., 476; Angier v. Ash, 26 N. H., 99; Scully v. Kearns, 14 La. Ann., 436; McKee v. Gilchrist, 3 Watts, 230; Jacoby's Appeal, 67 Pa. 434; Wooten v. Clark, 23 Miss. 75.

The plaintiffs' supplemental petition was but a reply to defendant's special plea setting up title. It was necessitated, under the rule laid down in McSween v. Yett, 60 Texas, 183, by the defendant's special plea setting up his title. If defendant had stood on his plea of not

guilty and under it had introduced his title, can there be any doubt but that plaintiffs could have rebutted without pleading by showing that defendant's deeds were void because made in fraud of creditors? Rivers v. Foote, 11 Texas, 662; McSween v. Yett, 60 Texas, 183; Clardy v. Wilson, 3 Texas Civ. Rep., 4.

*Glass, Estes & King, J. F. Jones* and *Pounders & Burford,* for defendant in error. A deed made by an insolvent debtor, with intent to hinder, delay or defraud his creditors, is not void as to such creditors, but is valid and binding upon all persons—including the creditors—until set aside by them upon proper pleadings and proof. And a proceeding to annul or set aside a deed of conveyance must be brought within four years next after the right to bring the same shall have accrued, and not afterwards. Stephens v. Adair, 82 Texas, 214; Robb v. Robb, 41 S. W., 92; Stockbridge v. Crockett, 15 Texas Civ. App. 69; Groesbeck v. Crow, 85 Texas, 200; Miller v. Koertge, 70 Texas, 165; Groesbeck v. Crow, 91 Texas, 74; Vodrie v. Tynan, 57 S. W., 680; Chicago, T. & M. Ry. v. Titterington, 84 Texas, 218; Wynne v. Kennedy, 11 Texas Civ. App., 693; Stern v. Marx, 23 Texas Civ. App., 440; Evans v. Guipel, 35 S. W., 940; Watts v. Bruce, 72 S. W., 258.

BROWN, ASSOCIATE JUSTICE.—J. M. Teliaferro is the common source of title. S. D. Goudlock recovered a judgment in the District Court of Titus County, against J. M. Teliaferro and W. D. Teliaferro, on November 2, 1893, for $1,477.30, upon which execution was issued within one year from the date of the judgment. The plaintiffs in error became entitled to the proceeds of the judgment and had the right to cause the same to be enforced by execution. On the 26th day of December, 1899, execution was issued upon the judgment, and the land in controversy was levied upon, regularly advertised and sold on the first Tuesday in February, 1900. The plaintiffs bid the land in and took a deed from the sheriff of that county, dated February 6, 1900. On March 25, 1893, J. M. Teliaferro conveyed the land in controversy to W. A. Poag, and the deed was duly recorded in a few days thereafter. C. C. Carr claims by mesne conveyance from Poag to himself.

The plaintiffs sued in the District Court of Titus County in trespass to try title to recover the land from the defendant, C. C. Carr, who pleaded his title specially claiming through the deed from J. M. Teliaferro to Poag. Plaintiffs, by supplemental petition, attacked the deed from Teliaferro to Poag alleging that it was made for the purpose of defrauding the creditors of the said Teliaferro, and specially to defraud the said Goudlock, plaintiff in the judgment before referred to, and set out all the facts necessary to charge the fraud upon Teliaferro and notice of it to Poag and to all those who purchased under him down to and including the defendant, C. C. Carr. The defendant excepted to the supplemental petition because it appears from the allegations of the petition that the deed from Teliaferro to Poag was made, delivered and recorded more than four years before the institution of this suit, so that the right to set the deed aside for fraud was barred by the Statute of Limitation of four years. The trial court sustained the

exceptions and the case went to trial before the judge without a jury. The plaintiffs offered to prove the facts of the fraud committed by Teliaferro, the fraudulent purpose of making the deed to Poag and notice to Poag and all the subsequent purchasers, which was objected to by the defendant, because there were no pleadings under which the testimony could be admitted, and the court sustained the objection. Judgment was rendered for the defendant.

The effect of a conveyance made for the purpose of defrauding creditors is prescribed by the following Article of the Revised Statutes: "Article 2544.—Every gift, conveyance, assignment, or transfer of, or charge upon any estate, real or personal, every suit commenced, or decree, judgment or execution suffered or obtained, and every bond or other writing given with intent to delay, hinder or defraud creditors, purchasers, or other persons of or from what they are or may be lawfully entitled to, shall, as to such creditors, purchasers or other persons, their representatives or assigns, be void. This Article shall not affect the title of a purchaser for valuable consideration, unless it appear that he had notice of the fraudulent intent of his immediate grantor, or of the fraud rendering void the title of such grantor."

The statute in plain terms denounces all such conveyances that are made to hinder, delay and defraud creditors, as void, as to such creditors, yet such conveyances have been commonly held to be voidable. 14 Am. & Eng. Ency. Law (2d ed.), 28.

The meaning of such decisions is that the conveyances being valid as to all other persons, although void as to creditors who may at their option avail themselves of such invalidity, can not be characterized as void; for if absolutely void, they would confer no right as between the parties. But it has been uniformly held that as between the fraudulent vendee and the creditor the title remains with the debtor, and the transaction is to be treated as if the conveyance had never been made; it is void as to creditors. Scott v. Scott, 85 Ky., 392; Bump Fraud. Con., sec. 468; Belt v. Raguet, 27 Texas, 481. Hence, to say that such deeds are voidable adds nothing to their effect against creditors.

The judgment creditor has the election of two remedies against a fraudulent conveyance; that is, he may bring his action to set aside the conveyance, or he may levy upon the land and sell it for the payment of his debt. Lynn v. Legierse, 48 Texas, 140; Bobb v. Woodward, 50 Mo., 102. In the event he takes the latter course, the purchaser at such execution sale gets the title, because at the time of the levy it remained in the fraudulent debtor, the defendant in the execution, and was subject to sale. Bump Fraud. Con., sec. 471; Scott v. Scott, 85 Ky., 392. In the case last cited the court said: "As against the fraudulent transferee, however, the creditor may seize the property as that of the fraudulent debtor; and the title that may be thus acquired is not a mere equity or right to control the legal title, and have the fraudulent sale vacated by an appropriate proceeding, but it is the legal title itself against which the fraudulent transfer is no transfer at all. The legal title remains in the debtor, as to his creditors, notwithstanding the fraudulent transfer, and the possession of the fraudulent transferee may properly be regarded as that of the debtor."

In this case the creditor recovered a judgment for his debt against Teliaferro and thereafter levied execution upon the land, sold it, and the plaintiffs in error purchased it at the sale. By that purchase they acquired the title and are entitled to recover the land unless the action is barred by the statute of limitations. Plaintiff's suit was brought in an action of trespass to try title to which the defendant pleaded not guilty, and, at the same time, pleaded specially his title including the deed charged to be fraudulent; thereupon plaintiffs, by supplemental petition, replied to the defendant's answer setting up facts that showed the deed to be fraudulent and claiming that title had never passed out of the debtor. The filing of the special plea of title made it necessary for the plaintiffs to file their supplemental petition that the testimony might be admitted to show the deed to be void. Paul v. Perez, 7 Texas, 338. If the defendant had not pleaded his title specially, the plaintiffs could have introduced the same evidence. McSween v. Yett, 60 Texas, 183. Therefore, the supplemental petition was a matter of pleading, giving notice of the attack to be made upon a muniment of defendant's title and did not change the character of the suit. The purpose of the action was to recover the land, a cause of action which determines the character of the suit to be for the recovery of real estate. It is claimed that the plaintiffs' action is barred by the time prescribed in the following article of the Revised Statute: "Article 3358.—Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued, and not afterward." The application of the statute depends upon the character of the action, and this being an action for the recovery of real estate, it is excepted in express terms, the statute does not apply, and the plaintiffs' right to recover the land was not barred.

There is much conflict among the authorities as to the time when the statute of limitations will begin to run against a suit to set aside a fraudulent deed, but we have found no case in which the period of time that would bar an action to set aside a deed would defeat a suit for the recovery of land. In all cases where the suit was to recover land, the statutes applicable to such actions have been applied. They differ as to when the statute begins to run but are uniform as to the time and possession required. Bobb v. Woodward, 50 Mo., 102; Ramsey v. Quillen, 5 Lea, 184; Blantin v. Whitaker, 11 Humph., 313; Amaker v. New, 33 S. C., 28; 8 Law Rep. Ann., 687. The last case cited is directly in point, and holds that the period of limitation is that which would apply to an action for the recovery of the land, and not the period which would bar a suit to set aside a fraudulent deed.

In Belt v. Raguet, 27 Texas, 481, the issue was the right of the creditor to sell property fraudulently conveyed, and the claimant of the property pleaded limitation against the right to have the property sold. In answer to the plea the Supreme Court of this state said: "A fraudulent conveyance is declared void by the statute, as to the creditors of the fraudulent grantor. As a necessary consequence, no length of possession by the debtor has any effect upon the rights of the creditor, so long as his debt remains unsatisfied and his remedy for its collection is not

lost by his laches; and as the fraudulent vendee gets no title against the creditor by the conveyance, he can only bar his recovery by such adverse possession as will give him title." This language distinctly holds that the limitation applicable to that case was that which is invoked by adverse possession, therefore the statute sought to be applied here is excluded because it depends only upon lapse of time.

We have examined the authorities cited by the Honorable Court of Civil Appeals and by the defendant in error in this case, and find none of them that in our judgment tends to support the conclusion drawn. Vodrie v. Tynan, 57 S. W. Rep., 680, is more nearly in point than the others. In that case the property had been conveyed by a debtor so that it finally reached his wife and she had occupied and used it strictly in accordance with the statute for the number of years required to complete the bar against the lien of the creditors. It was held in that case that her possession barred the right of the creditors to subject the property to the payment of the debt. The statutes applicable to suits for real estate were applied. In the same case, plaintiff, as an alternative remedy, sought to have the court sell the property and to pay to the vendee of the debtor the sum actually paid for it and to distribute the remainder of the proceeds of the property among the creditors, but the court declined to do so because if the property had been occupied for such length of time that the defendant acquired title thereto, the court certainly could not in any proceeding sell it for the purpose of distributing its value between the owner and any other claimant.

There is no statute of limitation which prescribes a bar to the proof of a fact material to sustain or defeat a cause of action or defense; such statutes act upon the cause of action. In this case the statute of limitation of four years was invoked to sustain a void deed as a defense against a cause of action not itself barred. In Amaker v. New (8 Law Rep. Ann., 687), the Supreme Court of South Carolina said: "There never was, therefore, any occasion for the creditor to bring his action *to set aside the deed for fraud (and such is not the nature of the present action)*, for he had availed himself of the other remedy afforded by law, by selling the land under his execution as the property of the grantor, notwithstanding the prior execution of the voluntary deed. The plea of the statute, as it is called (improperly, as I think, for such plea must be directed to the cause of action set forth in the complaint), is not directed to the plaintiff's cause of action, but is interposed as a protection against an attack made by the plaintiff upon the defense set up by defendants. I do not understand that it ever was the rule that a deed or other instrument could not be attacked for fraud after the lapse of the prescribed time, in any way, but only that it could not be attacked by an action instituted for that purpose. I can very well understand how the law, from consideration of public policy, may forbid one from invoking its aid by bringing an action to set aside a deed for fraud after the time limited for the purpose, but I am unable to understand upon what principle, either of law, equity or good morals, one who has made out a prima facie case for the relief he demands can be forbidden from showing that the defense set up against his claim is founded in fraud, simply because such fraud had been committed so long

ago as to bar an action brought to obtain relief from such fraud; but I do not think any case can be found which would sanction such a doctrine."

That language is pertinent to this case. A fair analysis of this judgment may be thus stated: The plaintiffs have the legal title to the land, but the defendant, who can not sustain limitation against the right to recover the land, thwarted an attack upon his void deed by pleading limitation that would be a bar to a suit which plaintiffs did not institute. The judgment can not be sustained. It is ordered that the judgment of the district court and of the Court of Civil Appeals be reversed and the cause remanded.