**LOVE et al. v. GAMER et al.**

No. 12882.

Court of Civil Appeals of Texas. Fort Worth.

July 15, 1933.

Rehearing Denied Oct. 7, 1933.

**394**

See, also (Tex. Civ. App.) 41 S.W.(2d) 356.

W. J. Rutledge, Jr., of Dallas, for appellants.

C. C. Gumm, of Fort Worth, for appellees.

LATTIMORE, Justice.

Appellees Charles Gamer and Charles J. Gamer, father and son, sought an injunction against appellants to restrain a sale under an execution levied on certain real estate lots.

Appellants filed an answer and cross-action which prayed in part that defendants "recover of and from plaintiffs the amount of their debt as evidenced by said judgment above described," and that the lien created by the levy of execution be established and foreclosed, that the injunction be denied, and that the lands be seized and sold to satisfy said judgment.

The appellees presented a general demurrer to said cross-action which was sustained and the cross-action dismissed. We therefore consider the facts pleaded in said cross-action as true.

On and prior to March 11, 1925, the Gamer Paper Company was a corporation which owned the valuable real estate in question and nothing else of substantial value and had ceased doing business but had not dissolved. Charles Gamer owned all the stock except three shares, two of which were owned by his son, appellee Charles J. Gamer, and the latter's wife, both of whom were directors in said corporation. In 1921 appellants sued the Gamer Paper Company and on March 11, 1925, obtained a verdict thereon on special issues which entitled them to a judgment against the Gamer Paper Company for debt.

In June, 1925, the Gamer Paper Company by Charles Gamer, president, conveyed the real estate in question, being substantially all the assets of the corporation, to the said Charles Gamer as an individual; the only consideration being that Charles Gamer was the sole owner of the stock of the corporation. In November, 1925, judgment was rendered for appellants on said special issue verdict against the corporation. That judgment is still alive and unpaid. In April, 1927, appellants levied execution under said judgment upon said real estate. In May, 1927, Charles Gamer deeded said real estate to Chas. J. Gamer, who at the time knew all the facts above stated and that the deed executed by Charles Gamer as president to himself as an individual was done to defraud appellants. The deed to Chas. J. Gamer was without consideration.

The learned trial court, while considering the general demurrer to appellants' cross-action, required the latter to state whether they sought a personal judgment against the Gamers or only to sell the real estate to satisfy their judgment. Under such compulsion appellants stated they sought to sell.

The deed from the corporation to

Gamer, Sr., could have been, as appellants pleaded, inspired by one of two causes: (1) The corporation was not doing business and Gamer as sole stockholder in fact bore the brunt of winding up its affairs and would eventually receive the net assets. (2) The corporation seeking to place its real estate beyond the reach of its creditors conveyed the property to Gamer, Sr., and thence to Gamer, Jr. Now bearing in mind that the directors in winding up the affairs of such a company are trustees, then if for any reason appellants should fail in enforcing their execution, the Gamers as directors of the corporation would in either instance have by their affirmative acts diverted all the corporate assets from the payment of debts and would thereby be personally liable to the value of the assets thus lost to the creditors. Articles 1388, 1392, R. S.; Carter v. Forbes Lithograph Mfg. Co., 22 Tex. Civ. App. 549, 56 S. W. 227. On the other hand, the right of a creditor to pursue the property of the corporation into the hands of the only stockholder and his assignees with notice is well settled. Panhandle Nat. Bank v. Emery, 78 Tex. 505, 15 S. W. 23. In Sanger v. Upton, 91 U. S. 56, 60, 23 L. Ed. 220, it is said: "If diverted, they [creditors] may follow it as far as it can be traced, and subject it to the payment of their claims, except as against holders who have taken it bona fide for a valuable consideration." The learned trial court was thus without authority to require any such election in considering a general demurrer. See the discussion of such matters by Prof. Keeton in XI Tex. Law Review, 287; Edgar v. Galveston City Co., 46 Tex. 421; article 1997, R. S.

■ The defendants were entitled to levy on property fraudulently conveyed to another by the judgment debtor with intent to defeat his creditors without previously attacking such conveyance. Lynn v. LeGierse, 48 Tex. 138; Rutherford v. Carr, 99 Tex. 101, 87 S. W. 815. Article 3996, R. S. (as amended by Acts 1927, c. 30, § 1 [Vernon's Ann. Civ. St. art. 3996]), says the same as to such persons as appellants "shall be void." We note that appellees have by their own pleadings admitted insolvency of the corporation, the real estate in question aside, and cessation of business. Caulk v. Anderson, 120 Tex. 253, 37 S.W.(2d) 1008. With these elements, the case, on the pleadings, is sufficient.

■ From what we have said it follows that the trial court should not have sustained the general demurrer to appellants' cross-action.

■ It may be that rights of other creditors could intervene, but no such rights will be presumed to exist in passing on a general demurrer.

The judgment of the trial court is reversed, and the cause is remanded.

## On Motion for Rehearing.

DUNKLIN, Justice.

■ This is the second time this case has been before this court, the determination of the former appeal appearing in Gamer et al. v. Love et al., 41 S.W.(2d) 356. The first trial of the case from which the former appeal was prosecuted was in the district court of Tarrant county before Hon. H. S. Lattimore, district judge, and the judgment upon that trial was rendered upon an instructed verdict in favor of plaintiffs in the case as shown in the report of the appeal therefrom.

Judge LATTIMORE, who is now Associate Justice of this court, wrote the opinion disposing of this appeal, and the motion for rehearing by the appellees is here addressed to the conclusion there reached.

In the motion for rehearing counsel for appellees requests this court to withdraw the opinion written by Justice LATTIMORE and render another opinion herein by reason of the fact that he sat as presiding judge in the first trial of the case, from which the former appeal was prosecuted, and there rendered a judgment *against* these appellees in obedience to an instructed verdict to the jury, and further because he was not present when this appeal was submitted to this court on oral argument. It is also recited in the motion that the second trial of the case, from which the present appeal was prosecuted, was before Judge Marvin H. Brown, who succeeded Judge LATTIMORE upon the district court bench and who tried the case the second time and instructed a verdict *in favor* of these appellees.

In support of the motion the following remarks of Justice Gaines in Galveston & H. Inv. Co. v. Grymes, 94 Tex. 609, 63 S. W. 860, 64 S. W. 778, are cited: "It has been the uniform practice in this court for a judge who tried the case in the court below and subsequently became a member of this court to decline to sit in the case upon appeal. This has, however, proceeded from motives of delicacy, and not because it has ever been thought that the judge is disqualified to sit."

Manifestly, the language used by Chief Justice Gaines, quoted above, has no proper application here to support the criticism of the action of Justice LATTIMORE in writing the opinion on the present appeal. It is clear that what was said by Justice Gaines in that case had reference only to the action of an appellate judge to sit in a case where an appeal is prosecuted from a judgment rendered by him in the trial court. The records of this court show that its judges have frequently written opinions disposing of appeals from judgments rendered by them as judges of the trial court from which the appeals were prosecuted; the cases having fall-

en to them on drawing after submission. And in fairness to Judge LATTIMORE we will add that since he has become a member of this court he has uniformly declined to participate in the disposition of appeals from judgments rendered by him as a trial judge; his action in that respect being influenced by the remarks of Justice Gaines, quoted above.

We have examined the transcript on the former appeal now on file in this court, as we are authorized to do, 17 Tex. Jur. p. 201, § 27, and find that the same answer and cross-action presented on the second trial was embodied in the defendants' pleadings on which the first trial was had, and that the same demurrer to the answer and cross-action sustained by Judge Brown on the second trial was presented and overruled by Judge LATTIMORE on the first trial. We also find that the appellees on this appeal, who were the appellants on the former appeal, assigned error to that ruling; and while that assignment was not specifically discussed, it was inferentially overruled, since this court held that the facts alleged in the answer and cross-action should have been submitted to the jury as a disputed issue. The conclusion reached appearing in the former opinion of this court was: "While Charles Gamer, Sr., testified on the trial that out of his own personal funds he had paid off the obligations of the Gamer Paper Company, amounting to some $46,000, and failed to plead such payments as a consideration supporting the conveyance so taken by him, yet we believe that such testimony, in connection with other testimony and circumstances in evidence, was sufficient to require the submission to the jury of the issue, whether or not the corporation was then insolvent and, whether or not the conveyance to him was for the purpose of defrauding the creditors of the Gamer Paper Company, as found by the trial judge." 41 S.W.(2d) 356, 359. And an application for writ of error to the former judgment of this court was dismissed for want of jurisdiction.

In the present motion for rehearing this is said: "This case, as to the facts, has been fully developed and the same testimony adduced upon this trial as upon former trial. The appellants could not establish fraud as a matter of law then; and now, there is not a scintilla of fraud established or intimated in the evidence."

■■ Reference is made to certain testimony of Charles Gamer on the last trial to support the contention that the same conclusively refuted the grounds upon which the cross-action was based. We shall not undertake to review that testimony because the decision of this court on first appeal, that the evidence introduced then was sufficient to

require submission to the jury of the issues embodied in the answer and cross-action, became the law of the case; and binding on the trial court on the second trial and also on this court on this the second appeal. 3 Tex. Jur. §§ 939 to 941, inclusive, beginning on page 1338. Furthermore, after the cross-action had been stricken out on the demurrer, appellants were left without any pleading to serve as a basis for introduction of any other evidence besides that of Charles Gamer, referred to in this motion. We know of no rule which requires the presence of all the members of an appellate court when a case is submitted on oral argument.

We adhere to the conclusions expressed in the opinion of Justice LATTIMORE on the original disposition of this appeal, and therefore appellants' request that the same be withdrawn is refused; and the motion for rehearing is overruled.