## HARTMAN et al. v. HARTMAN et al.
### No. 8512.

Court of Civil Appeals of Texas. Austin.

Aug. 4, 1937.

Rehearing Denied Oct. 4, 1937.

W. C. Wofford, of Taylor, and D. B. Wood, of Georgetown, for appellants.

Wilcox & Graves and Samuel E. Wilcox, Jr., all of Georgetown, for appellees.

BAUGH, Justice.

This case arose as follows: In 1916, Ethel Boyd Hartman obtained a divorce from A. P. Hartman in the district court of Williamson county, and was awarded the custody of their three minor children. In 1920, A. P. Hartman married Alma T.

Hartman. In 1926, A. P. Hartman's mother died, devising to him by will, along with other property, 594 acres of land in Calhoun county. On May 6, 1927, A. P. Hartman conveyed this land by warranty deed to his second wife, Alma T. Hartman, in consideration of $5 and love and affection. Alma T. Hartman, on May 9th thereafter, filed this deed for record in Calhoun county, entered into possession of said land, and has continuously since that time cultivated, used, occupied, and paid the taxes thereon as her separate property.

On February 8, 1932, Ethel Boyd Hartman obtained a judgment against A. P. Hartman in the district court of Williamson county, in the sum of $1,500, for moneys expended by her for necessaries for said three minor children. No abstract of this judgment was ever filed in Calhoun county, and no levy on said lands made under execution to satisfy same. On April 20, 1935, Alma T. Hartman, joined by her husband, A. P. Hartman, sold and conveyed certain mineral interests in a part of said lands to the Sultana Oil Corporation, and the moneys paid her therefor were deposited in the First-Taylor National Bank of Taylor, in the name of Alma T. Hartman. In June, 1935, Ethel Boyd Hartman sued out a writ of garnishment, based upon her judgment of February 8, 1932, against the Taylor Bank, seeking to subject said moneys to the payment of her judgment against A. P. Hartman. Alma T. Hartman was made a party to that proceeding, wherein she claimed said fund as her separate property. This claim was controverted by Ethel Boyd Hartman, who pleaded that the conveyance made in May, 1927, by A. P. Hartman to his second wife, in that it was void under articles 3996 and 3997, in that it was made for the purpose of defrauding creditors, particularly as to her, and that as to her the title still remained in A. P. Hartman, and that the proceeds from such sale were subject to the payment of said judgment.

Alma T. Hartman, in response to this plea, pleaded as against said claim the 4-year statute of limitation; and that she had acquired good title to said lands under the 3 and 5 year statutes of limitation long prior to the issuance of said writ of garnishment (Rev.St.1925, arts. 5507, 5509). Trial was to the court upon the issues made, and judgment rendered in favor of Ethel Boyd Hartman, subjecting said fund in said bank to the payment of her judgment against A. P. Hartman, from which

Alma T. Hartman and A. P. Hartman have prosecuted this appeal.

■ It may be conceded that the original conveyance from A. P. Hartman to his second wife on May 6, 1927, was for the purpose of defrauding his creditors, and particularly as against his obligation to support and educate his minor children by his first wife. This was a legal and continuing obligation imposed upon him by law. Gulley v. Gulley, 111 Tex. 233, 231 S.W. 97, 15 A.L.R. 564; Hartman v. Hartman (Tex.Civ.App.) 32 S.W.(2d) 233, 234. In this regard, even as against future creditors, his conveyance was fraudulent. This question was determined by us in Hartman v. Hartman, supra; a suit between the same parties, involving this identical question. But in that case no question of limitation was involved. On the contrary, the record in that case showed that Ethel Boyd Hartman acted seasonably as against any plea of limitation, had such plea been interposed. A different situation is presented, however, in the instant case.

■ As between A. P. Hartman, the grantor, and Alma T. Hartman, the grantee, the deed of May 6, 1927, was valid. Rutherford v. Carr, 99 Tex. 101, 87 S.W. 815. It was void under the statutes, only as to his creditors. No suit was ever filed by Ethel Boyd Hartman to set aside said conveyance on the grounds of fraud; and no lien was ever attempted to be fixed by her on said lands in Calhoun county. The agreed statement of facts shows that she had both actual and constructive notice that said deed was of record in Calhoun county, and that Alma T. Hartman had continuously been in actual possession of said lands, occupying, using, and paying taxes thereon as her separate property since the conveyance made to her. As to debts of Hartman which had accrued and had matured at or prior to the time of the conveyance in 1927, it is manifest that an action brought to subject said property to their payment in June, 1935, when this proceeding was instituted, would be barred both by limitation and laches of the creditor as against the grantee in said deed. Ethel Boyd Hartman could seasonably have filed an action to set aside said conveyance on the ground of fraud, or could have levied an attachment or execution thereon. She did none of these things and took no steps with regard to this fraudulent conveyance until June, 1935, eight years thereafter, when she sought through garnishment to subject the

proceeds from the sale of a part thereof to the payment of a judgment obtained in February, 1932. If, therefore, Alma T. Hartman had good title to said lands as against Ethel Boyd Hartman, as creditor, these funds were not subject to the latter's debt against A. P. Hartman.

Under the facts above stated, and the uniform line of decisions in this state, Alma T. Hartman secured title to said lands under the 5-year statute of limitation, article 5509, R.S.1925, unless the fact that the conveyance in May, 1927, in fraud of future creditors, tolled such 5-year statute as to such future debts. It is now settled that a conveyance in fraud of creditors, where recorded and the conditions of the statute are met, will support title by limitation in the grantee. Reynolds v. Lansford, 16 Tex. 286, 292; Rutherford v. Carr, 99 Tex. 101, 105, 87 S.W. 815; Eckert v. Wendel, 120 Tex. 618, 40 S.W.(2d) 796, 76 A.L.R. 855; Vodrie v. Tynan (Tex.Civ. App.) 57 S.W. 680. And such a title may be acquired by the wife as her separate property in a conveyance to her by her husband in fraud of creditors, where she places such deed of record and meets all the requirements of the 5-year statute necessary to mature such title in her. Reynolds v. Lansford, supra; Evans Co. v. Guipel (Tex.Civ.App.) 35 S.W. 940; Alford Bros. v. Williams, 41 Tex.Civ.App. 436, 91 S.W. 636; Speers Law of Marital Rights (3rd Ed.) § 414, p. 504.

It is urged by appellee that limitation should not begin to run against her until A. P. Hartman's debt to her had matured and been reduced to judgment, because until that time she could have no means by which to enforce collection against the lands fraudulently conveyed. However this may be, even as against debts in her favor due to mature in the future, she had full knowledge of the fraud as early as 1927, but took no steps to set aside the fraudulent conveyance. Clearly, she could have done so by proper suit timely brought even as to future indebtedness. But to hold that, as to future unaccrued indebtedness, a limitation title in such grantee as against such creditors, could not ripen until five years after such future debts might mature, would be in effect to suspend the 5-year limitation statute in such cases; or at least to judicially create an exception to the statute not contained in it. This the courts are not authorized to do. Bain v. Smith (Tex.Civ.App.) 97 S.W.(2d) 353.

While the garnishment proceeding in the instant case is not a suit for the land, it is an attempt to subject the proceeds from the sale of a part of it, in the hands of holder of a good limitation title to the land itself, to the payment of Ethel Boyd Hartman's debt against A. P. Hartman. If Alma T. Hartman's title to the land in June, 1935, was good as against the claim of Ethel Boyd Hartman, her right to funds derived from its sale would likewise be free from such claim.

We are reluctantly forced to the conclusion that as against said fund Ethel Boyd Hartman, under the agreed facts, had no claim, and that the trial court erred in the judgment appealed from. The judgment must therefore be reversed, and judgment here rendered in favor of Alma T. Hartman.

Reversed and rendered.