## AMERICAN EMPLOYERS INS. CO. v. DAVIS.

### No. 11240.

Court of Civil Appeals of Texas. Galveston.

June 26, 1941.

Rehearing Denied July 17, 1941.

Bleecker L. Morse, of Galveston, for appellant.

Geo. P. Prendergast and William Stiglich, both of Galveston, for appellee.

MONTEITH, Chief Justice.

This suit was brought in trespass to try title by appellant, American Employers Insurance Company, against appellee, Buford Bernice Davis, to recover certain property located in the town of Texas City, in Galveston County, Texas. The suit was in fact brought by appellant to set aside a conveyance of property from V. Q. Davis to his minor daughter, appellee herein, for the alleged reason that the conveyance had been made to her by her father without consideration and for the purpose of defrauding his creditors.

Appellee answered by general denial and general demurrer. She specially pled her title under a deed from her parents dated November 18, 1928, and the three and four-year statutes of limitation (Vernon's Ann. Civ.St. arts. 5507 and 5529). By supplemental petition appellant alleged that at the time of the conveyance of said property to appellee, V. Q. Davis, the grantor therein, was insolvent and that said conveyance had been made by him for the purpose and with the intent to hinder, delay and defraud his creditors.

In a trial before the court, without a jury, the court denied appellant the recovery prayed for.

The court filed findings of fact in which it was found:

That on November 29, 1928, V. Q. Davis and wife conveyed the property in question to appellee, their eight year old daughter, for a recited consideration of $10; that at that time V. Q. Davis did not own any other property subject to execution. It

found that at the time of the execution of this deed appellant was the surety on the bond of V. Q. Davis conditioned for the faithful performance of a construction contract; that on or about December 1, 1928, V. Q. Davis notified appellant that he was unable to complete said contract and authorized his surety to take over the job submitting a list of bills of approximately $3,200 owing by him on said contract; that on October 21, 1929, appellant obtained a judgment against V. Q. Davis in the sum of $2,058.84 because of his default on said contract and bond; that execution was issued thereon and returned nulla bona; that later an alias execution was issued under said judgment, and on November 7, 1933, all interest of V. Q. Davis in said property was acquired by appellant by sheriff's deed; thereafter, on November, 9, 1933, this suit was filed against appellee.

The court found that a small rent house located on said property had been continuously rented by tenants from the date of the deed to appellee to the time of the trial; that V. Q. Davis had exercised control and management over said property as the natural guardian and agent of appellee, but that no guardian of her estate had been appointed. He found that V. Q. Davis, as such agent, had assessed said property for taxes in the name of appellee before they became delinquent continuously from the date of the deed to appellee to the date of the trial, and that he had used the rentals therefrom for the support and maintenance and education of appellee, which was necessary because of his distressed financial condition, but that he had kept no accurate account of such receipts and expenditures.

The court found that appellee had had such peaceful, adverse and continuous possession of the property in question, using and enjoying and claiming the same under color of title, as is contemplated under the three-year statute of limitation, for a period of more than three years after her possession thereof began, and until the date of the filing of this suit.

The court refused to find that the conveyance made by V. Q. Davis to appellee was made for the purpose of hindering, delaying and defrauding creditors, which was requested by appellant.

Articles 3996 and 3997, Revised Civil Statutes of Texas, as amended in 1927, Vernon's Ann.Civ.St. arts. 3996, 3997, read as follows:

"Art. 3996. * * * Conveyance to defraud. Every gift, conveyance, assignment, or transfer of, or charge upon, any estate real or personal, every suit commenced, or decree, judgment or execution suffered or obtained and every bond or other writing given with intent to delay, hinder or defraud creditors, purchasers, or other persons of or from what they are, or may be, lawfully entitled to, shall, as to such creditors, purchasers or other persons, their representatives or assigns, be void. This article shall not affect the title of a purchaser, for valuable consideration, unless it appear that he had notice of the fraudulent intent of his immediate grantor, or of the fraud rendering void the title of such grantor."

"Art. 3997. * * * Voluntary conveyance. Every gift, conveyance, assignment, transfer or charge made by a debtor, which is not upon consideration deemed valuable in law, shall be void as to prior creditors, unless it appears that such debtor was then possessed of property within this State subject to execution sufficient to pay his existing debts; but such gift, conveyance, assignment, transfer or charge shall not on that account merely be void as to subsequent creditors, and though it be decreed to be void as to a prior creditor, because voluntary, it shall not for that cause be void as to subsequent creditors or purchasers."

In construing the above statutes it has been uniformly held that all conveyances which have been made for the purpose of hindering, delaying, and defrauding creditors, are void as to creditors and that creditors may, at their option, avail themselves of such invalidity as between themselves and a fraudulent vendee, by either bringing an action to set aside the conveyance under said statutes or by having the property alleged to have been fraudulently conveyed sold under execution and acquiring such title as will enable them to successfully maintain an action of trespass to try title against those claiming under the alleged fraudulent conveyance, until the action has become barred by adverse possession under the three, five or ten years' statutes of limitation. Revised Statutes 1925, 5507, 5509, and 5510; Rutherford v. Carr, 99 Tex. 101, 105, 87 S.W. 815.

In the instant case, appellant elected to have the property in question sold under execution at which sale it acquired the ti-

 

tle thereto, and has brought this action in trespass to try title against appellee, who holds under said alleged fraudulent conveyance from her father. In answer to appellant's suit, appellee has not only answered by pleas of general demurrer and general denial, but she has specially pled her title and the three-year statute of limitation. R. S.Article 5507.

Under the above facts, the only question presented for determination in the appeal is whether appellant's cause of action is barred by the three-year statute of limitation.

Article 5507, Revised Statutes of 1925, reads: "Suits to recover real estate, as against a person in peaceable and adverse possession thereof under title or color of title, shall be instituted within three years next after the cause of action accrued, and not afterward."

Article 5515, Revised Statutes of 1925, reads: " 'Adverse possession' is an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another."

In the case of Eckert v. Wendel et al., 120 Tex. 618, 40 S.W.2d 796, 797, 76 A.L. R. 855, our Supreme Court has held that: "A careful analysis discloses that under the decisions of the Supreme Court of this state a suit to enforce a subsisting judgment lien on land against a grantee in a conveyance void under our statutes as to the judgment creditor is not barred until the fraudulent grantee or his assigns acquires 'full title' to the land, 'precluding all claims,' under some statute of limitations which would bar an action for the recovery of real estate", and in the case of Rutherford v. Carr, supra, 99 Tex. 101, 105, 87 S.W. 815, the Supreme Court has held that a creditor who had· purchased property fraudulently conveyed, under execution, acquires such title as will enable him to successfully maintain an action in trespass to try title against those claiming under a fraudulent conveyance, until such action is barred by the three, five or ten-year statutes of limitation.

■ In the instant case, the court found that appellee had had peaceful and adverse possession of the property in question assessing it for taxes and claiming it under color of title, as contemplated under the three-year statute of limitation, for a period of more than three years after her possession began and before the filing of this suit. The probative force of the evidence upon which this finding is based is such that this court would not be warranted in setting aside the judgment of the trial court based thereon.

We have considered each of the propositions presented in appellant's brief. None of them, in our opinion, show error in the record which requires a reversal of the judgment. The judgment of the trial court will, therefore, be in all things affirmed. It is so ordered.

Affirmed.