**SNOW et al. v. HARDING et al.**

No. 11406.

Court of Civil Appeals of Texas. San Antonio.

May 10, 1944.

Rehearing Denied June 7, 1944.

C. H. Chernosky, of Houston, and P. G. Greenwood and Brown, Criss & Smallwood, all of Harlingen, for appellants.

Jesse G. Foster, of Raymondville, for appellees.

NORVELL, Justice.

This is a suit for a perpetual injunction brought by R. E. Harding and Laura V. Harding against W. F. Abendroth and K. W. Bonham, judgment creditors of W. A. Harding. L. D. Snow, sheriff of Willacy County, Texas, as well as certain parties having interests in the Abendroth and Bonham judgments, were named as defendants. The sheriff had levied upon several tracts of land standing of record in the name of R. E. Harding, and one tract standing of record in the name of Laura V. Harding, as the property of W. A. Harding. The controlling question presented is whether or not these tracts, or any of them, were subject to the writ of execution issued against W. A. Harding, who is the father of R. E. Harding and the husband of Laura V. Harding.

The trial court decided "as a matter of law" that the defendants (appellants here) had failed "to show any interest, either equitable or legal in and to Lots 7 and 8 and the W. ½ of Lot 9, in Block 58, in the City of Raymondville, Willacy County, Texas," and further held that Laura V. Harding was entitled to recover for all relief prayed for by her, insofar as these lots standing in her name were concerned.

Ten special issues were submitted to the jury with reference to properties standing in the name of R. E. Harding, in accordance with a stipulation of the parties which provided that, "It shall not be necessary to

submit any separate issue or question on the issue of conspiracy or fraud, and it is understood that judgment will be rendered according to the jury's answers to the issues submitted to them concerning the beneficial ownership of the property involved, and that such findings shall be considered as including or excluding findings of fraud or conspiracy in connection with the handling of said property, according as the answers may be."

Each of the ten issues submitted was of the following form: "Do you find from a preponderance of the evidence that (description of property) as between W. A. Harding and R. E. Harding, is actually the property of W. A. Harding, and that the record title thereto is held by R. E. Harding for the benefit of W. A. Harding?"

All ten issues were answered in the negative, in accordance with the contentions of R. E. Harding.

The defendants below disclaimed all right, title and interest in and to one of the tracts described in the petition. The trial court upon this disclaimer, its finding as a matter of law affecting the property in the name of Laura V. Harding, and the jury's answers to the special issues submitted, rendered its decree awarding a perpetual injunction against defendants restraining them from attempting to sell under writ of execution any of the properties involved in this suit.

Each of the tracts here involved presents different questions of law to some extent. The stipulation hereinabove referred to has the effect of grouping all the tracts standing in the name of R. E. Harding into one group and directing by agreement that judgment relative thereto shall be determined by the submission of a fact issue relating to the beneficial title.

The Laura V. Harding tract (Lots 7 and 8 and W. ½ of 9, Block 58, Raymondville) falls into a different category. As to this tract judgment was rendered as a matter of law. This action is attacked by appellants' fourth point, which we now consider.

The evidence of title relating to this particular tract of land is far from satisfactory. Appellees seek to sustain the trial court's action upon the theory that this property was owned by Mrs. Ora Emma Harding, the second wife of Henry Harding and stepmother of W. A. Harding, prior to her death, and from this premise

it is argued that W. A. Harding never had any interest in the property, as his stepmother died intestate and he did not inherit anything from her under the statutes of descent and distribution. Article 2570, Vernon's Ann.Civ.Stats.

The record does not disclose a conveyance into Ora Emma Harding. The only documentary evidence relating to the lots is a deed to Laura V. Harding, executed by Charles N. Young, Elsie Hawley, a widow, Susie Barnes Cox (joined by her husband, Walter E. Cox) and W. A. Harding. These grantors describe themselves as being "all and the only heirs of Henry Nelson Harding and Ora Emma Harding, both deceased." This deed recites a consideration of one dollar and other valuable consideration paid by Laura V. Harding, "out of her own separate, individual funds and estate," and bears date of June 17, 1940.

According to the testimony of W. A. Harding, his father was Henry N. Harding and his mother was Susan Harding. Chas. N. Young is his brother, although using a different surname. Elsie Hawley is his sister, and Susan B. Cox is the daughter of his deceased sister, Lottie. Henry Harding died in 1927, and Ora Emma Harding in 1940. Mrs. Ora Emma Harding was an invalid during the latter years of her life and Mrs. Laura V. Harding took care of her. The true consideration for the deed to Laura V. Harding was the care and attention which she gave to Mrs. Ora Emma Harding during the last ten or twelve years of the latter's life. "The property was given to her by the heirs for services she had given all those years."

Mrs. Laura V. Harding testified that Mrs. Ora Emma Harding had no children of her own. Mrs. Ora Emma Harding gave the witness the lots and house in question, although she did not make a deed to the property. "The stepchildren did after she died." The grantors in this deed were described by Mrs. Laura V. Harding as "the heirs at law of Henry Harding."

R. E. Harding testified that certain property formerly owned by Henry Harding was traded for that here involved and a new house built thereon from proceeds of the sale of property belonging to the Henry Harding estate. The real property thus acquired and the house constructed thereon were used as a home for Mrs. Ora

Emma Harding. We quote direct from the Statement of Facts:

"Q. So the property your mother owns was deeded to her by your father without any consideration for it? A. My own father and his brothers and sisters, who were of no more kin to Mrs. Emma Harding than my mother was.

"Q. But your mother didn't pay anything for it? A. No, sir.

"Q. Your father did own an interest in it? A. No more interest than the rest of them.

"Q. Well, they had an interest in it and they had the same interest that he had, is that right? A. Well, it is a little complicated. When you say Mrs. Harding was no kin to my father or mother, then the same thing stands good as to the rest of the heirs.

"Q. My question is whether or not your father's interest in the property was deeded to your mother? A. The same interest as to the rest of the heirs. * * *

"Q. He did have an interest in it? A. Yes, sir.

"Q. And his brother had an interest in it? A. Yes, sir.

"Q. And they deeded the property to your mother without any consideration whatever? * * *

"Q. And that property was acquired by her since all these judgments were recorded against your father? A. Yes, sir."

■■ The Abendroth judgment for the total sum of $63,053.49 was rendered on November 19, 1935, while the Bonham judgment for $16,000 was rendered on July 7, 1937. Insofar as the conveyance from W. A. Harding and others to Laura V. Harding is concerned, those holding under the two judgments mentioned must be considered as prior creditors. The evidence discloses conclusively that at the time of said conveyance or immediately thereafter W. A. Harding did not possess property in open and visible ownership of sufficient value to discharge the judgments mentioned at execution sale. Walker v. Loring, 89 Tex. 668, 36 S.W. 246.

Article 3997, Vernon's Ann.Civ.Stats., provides in part, that "Every gift, conveyance, assignment, transfer and charge made by a debtor, which is not upon consideration deemed valuable in law, shall be void as to prior creditors, unless it appears that such debtor was then possessed of property within this State subject to execution sufficient to pay his existing debts. * * *"

■ It is further well settled in this state that a conveyance of property under the circumstances described in the statute is deemed fraudulent as to prior creditors and "may be sold under execution without first bringing a suit to set aside the conveyance." Walker v. Loring, 89 Tex. 668, 36 S.W. 246, 247. Consequently, no injunction should issue restraining appellants from selling the interest of W. A. Harding in the property here involved, unless it can be said, as a matter of law, that prior to the time of the execution of the deed of June 17, 1940, W. A. Harding had no interest in the property. If he did have an interest and attempted to make a gift of the same to his wife the transaction was void as to appellants and such interest is subject to execution despite the conveyance. Rutherford v. Carr, 99 Tex. 101, 87 S.W. 815; Eckert v. Wendel, 120 Tex. 618, 40 S.W.2d 796, 76 A.L.R. 855; American Employers Ins. Co. v. Davis, Tex.Civ.App., 153 S.W.2d 501.

■ To arrive at the conclusion that this property was at one time owned exclusively by Ora Emma Harding and consequently upon her death W. A. Harding acquired no interest therein, it is necessary to rely upon certain statements of the witnesses in the nature of conclusions or inferences and wholly disregard others made by said witnesses which would lead to a contrary conclusion. We hold that the evidence does not show, as a matter of law, that W. A. Harding had no interest in the property at the time of the conveyance to Laura V. Harding. We sustain appellants' fourth point to the extent of holding that the trial court erred in holding, as a matter of law, that appellants should be enjoined from selling Lots Nos. 7 and 8 and the W. ½ of Lot No. 9, Block No. 58, of the City of Raymondville. The point is somewhat multifarious, and other contentions presented thereby are overruled for want of merit.

■ We next consider appellants' points relating primarily to the properties standing in the name of R. E. Harding. Appellants' brief lists a total of seven points. We have heretofore discussed point No. 4. Points Nos. 6 and 7 are not briefed and for that reason are overruled.

■ By appellants' first point it is asserted that the trial court erred in admit-

ting in evidence a certain judgment rendered in a cause styled R. E. Harding v. Sanders Brothers Nursery Company. Appellants were not parties to this suit. Upon direct examination of R. E. Harding, testimony was elicited with reference to this judgment without objection on the part of appellants. The matter was again gone into upon Harding's cross-examination by appellants' attorneys. Finally, the attorney for appellees stated, "We will introduce the judgment." One of the attorneys for appellants then announced that, "I will save you that trouble, I will introduce it." Later, however, when the judgment was actually offered, appellants objected and the trial court instructed the jury that they could not consider the judgment as evidence that R. E. Harding had title to the property described in the judgment but only as evidence that at the time of the institution of the suit and rendition of the judgment, R. E. Harding was asserting a claim in and to the property. Appellants' point fails to show a prejudicial error and is accordingly overruled.

Appellants' second point relates to asserted jury misconduct. The mode and method of eliciting testimony from jurors upon hearing of motion for new trial concerning their deliberations in the jury room is largely within the discretion of the trial court. In this case, the trial court permitted a wide range of inquiry. Much of the testimony relates to the mental processes of the individual jurymen in finally arriving at their verdict, and is wholly without probative force. Sproles Motor Freight Lines v. Long, 140 Tex. 494, 168 S.W.2d 642.

It appears that during the course of their deliberations, certain of the jurors discussed whether or not R. E. Harding should win the lawsuit. This did not constitute misconduct. We have in the forepart of this opinion set out the form of the issues submitted to the jury. A juryman possessed of ordinary intelligence, after hearing the testimony and arguments of counsel, must have known that negative answers to the interrogatories propounded were answers favorable to R. E. Harding. Further, it appears from the statement of facts that R. E. Harding, upon cross-examination by appellants was asked the following question and made the following reply:

"Q. Yet you want the jury to decide you own this property and that your fa-

ther don't have any interest in it? A. That is right."

The evidence does not support the theory that the jurors decided who should win the case and then proceeded to answer the questions in such manner as to bring about a predetermined result regardless of the evidence.

Since it does not appear, as a matter of law, that misconduct did occur, the trial court's implied finding that no misconduct occurred is binding upon this Court. Appellants' second point is overruled. Booth v. H. P. Drought & Co., Tex.Civ. App., 89 S.W.2d 432; Tumlinson v. San Antonio Brewing Ass'n, Tex.Civ.App., 170 S.W.2d 620.

By their third point, appellants contend that the trial court should have granted their motion for new trial on the grounds of newly discovered evidence. This evidence is represented in appellants' brief as being documentary in form which would tend to impeach R. E. Harding by indicating that certain testimony given by him upon the trial was not true. Motions for new trial upon the ground of newly discovered evidence are addressed to the discretion of the trial court. 31 Tex.Jur. 91, § 82. "New trials are rarely granted for the discovery of new evidence which tends merely to impeach or contradict witnesses who have testified at the trial * * *." 31 Tex.Jur. 113, § 100. We hold that the trial court did not abuse its discretion in overruling appellants' motion. Appellants' third point is overruled.

By their fifth point appellants complain of the trial court's action in refusing to require appellees to file an abstract in writing of their claim of title to the property involved in this suit, as required by Rules Nos. 791, 792, 793 and 794, Texas Rules of Civil Procedure. The rules mentioned apply to actions of trespass to try title. This is an injunction suit. The point is overruled.

The judgment of the trial court, save and except as it relates to Lots Nos. 7 and 8 and the W. ½ of 9, all in Block No. 58, of the City of Raymondville, is affirmed. As to said lots and as between appellants, on one hand, and Laura v. Harding (joined by her husband, W. A. Harding) on the other hand, the judgment of the trial court is reversed and the cause remanded to the district court for new trial. Appellants are, however, restrained from attempting

to sell or levy upon said Lots Nos. 7 and 8 and the West one-half of Lot 9, Block 58, of the City of Raymondville, until such time as the mandate of this Court (or the Supreme Court) shall have been received and filed in the court below. One-half the costs of appeal are adjudged against appellants and one-half against appellee Laura V. Harding.

Affirmed in part, and in part reversed and remanded.