Donald G. PIERSON et al., Appellants,

v.

Wayman SMITH et al., Appellees.

No. 3227.

Court of Civil Appeals of Texas.

Eastland.

June 22, 1956.

Rehearing Denied July 13, 1956.

King & Willoughby, Abilene, for appellants.

Wagstaff, Harwell, Alvis & Pope, Jameson, Whitten & Harrell, McMahon, Smart, Walter, Sprain & Wilson, Abilene, W. Hume Everett, J. O. Terrell Couch, Houston, for appellees.

COLLINGS, Justice.

This is a statutory action in trespass to try title brought by Donald G. Pierson, Betty Pierson Culver, joined by her husband, and Doris Pierson Broadwell, joined by her husband. The suit was brought against Wayman Smith and wife, Lee Smith and wife and numerous other defendants praying judgment for title and possession of Section 126, Block D of the H & T C Ry. Co. Survey.

The defendants filed pleas of not guilty, general denial, and pleaded the 2, 3, 4, 5 and 10 year statutes of limitation. Vernon's Ann.Civ.St. arts. 5526, 5507, 5529, 5509, 5510. The Smith defendants, under whom all other defendants hold, pleaded that they were innocent purchasers for

value and that they had paid all taxes since 1936 before they were delinquent. The Smith defendants also filed cross-actions in trespass to try title. By way of answer to the defendants' pleadings plaintiffs pleaded not guilty, general denial, minority and the 3, 5 and 10 year statutes of limitation.

The case was tried before the court without a jury and judgment entered against the plaintiffs and in favor of the cross-plaintiffs, Wayman Smith and wife and Pan American Production Company for title and possession of the land in controversy. Plaintiffs have brought this appeal.

Title to the land came by regular chain into Rice Alvis Pierson as his separate property. Rice Alvis Pierson died October 26, 1927. He was survived by his wife, Hazel Jennings Pierson, a son, Donald G. Pierson, who was two years of age at the time of his father's death, a daughter, Betty Pierson Culver, who was born two weeks after her father's death, and an adopted daughter, Doris Pierson Broadwell, who was three years of age at that time. These three children are plaintiffs and appellants in this case.

On October 25, 1928, Mrs. Hazel Pierson, mother of appellants, was appointed guardian of the estate of her three children by the County Court of Taylor County, Texas, hereinafter referred to as the probate court. The application for guardianship recited that the estate had a probable value of $40,000. The inventory in the guardianship proceeding filed in 1928 included Sections 126 and 127 valued at $9,000 against which there was an indebtedness of $6,200 secured by a lien in favor of the Federal Land Bank of Houston, Texas, leaving a net value on the two sections of $2,800. In 1930 Mrs. Hazel Pierson was married to Frank H. Murphy. After her marriage to Mr. Murphy, she as guardian of the estate of her minor children, applied to the probate court for permission to sell the interest of the minor children in Sections 126 and 127, and represented to the court that her one-third life estate therein was then owned by the Citizens National Bank of Abilene, Texas. The application to sell the land recited that Mrs. Hazel Pierson Murphy, as guardian, had advanced $2,350 to pay an indebtedness of the estate of the wards to the Citizens National Bank of Abilene and had advanced $894.88 to cover other specified obligations of the wards' estate. The application also recited the existence of delinquent taxes and the indebtedness and lien in favor of the Federal Land Bank and that the wards were in danger of losing said lands. On March 11, 1935, the application of the guardian to sell the land was heard by the court and after hearing it was ordered that the land be sold for cash at private sale subject to outstanding liens and encumbrances. The order recited that the application had been filed for more than five days and that notice thereof had been given as required by law. Pursuant to the order of sale by the probate court Mrs. Hazel Pierson Murphy, as guardian, sold Sections 126 and 127 to Emmett Moorhead, for $100 cash. This sale was confirmed by the probate court on March 20, 1935, and the guardian was authorized to execute a proper deed of conveyance to the said Emmett Moorhead. Mrs. Hazel Pierson Murphy then executed and delivered to the said Moorhead a guardian's deed therefor, dated March 21, 1935. It appears from the record that Section 127 was lost to the Federal Land Bank by foreclosure proceedings. Emmett Moorhead and wife by deed dated and acknowledged on March 25, 1935, conveyed Section 126 to Frank Murphy, the husband of the guardian, for a recited consideration of $100. A partition of Section 126 was made between the Citizens National Bank of Abilene and Frank Murphy joined by his wife, Hazel Pierson Murphy, by an instrument dated April 25, 1935. This instrument recites that:

"Frank H. Murphy is the owner of Section 126 * * * subject to an

estate for life in ⅓ of said land formerly owned by Mrs. Hazel Pierson Murphy, which said estate for life is now owned and held by The Citizens National Bank in Abilene."

"* * * that a partition of said lands be made as follows, to-wit: An undivided ⅓ interest in and to all of Section 126 was granted, conveyed and confirmed unto the Citizens National Bank, its successors and assigns,"

"* * * said Frank H. Murphy shall from henceforth have, hold, possess and enjoy by himself........... an undivided two-thirds (⅔) interest in and to all of said Section 126 free and clear of the life estate hereinabove mentioned * * *."

On March 31, 1936, Frank Murphy and his wife, Hazel Pierson Murphy, and the Citizens National Bank at Abilene executed a deed conveying Section 126 to Wayman Smith and Lee Smith for a consideration of $2,500 paid and agreed to be paid, subject to an outstanding indebtedness of $2,666.12 to the Federal Land Bank of Houston secured by the deed of trust thereon, and delinquent taxes in the sum of $454.28, which the Smiths agreed to pay. The deed recites that:

"The Citizens National Bank in Abilene owns an undivided one-third (⅓) interest in said property, and Frank H. Murphy, whose wife is Hazel Pierson Murphy, owns an undivided two-thirds (⅔) interest, and each party warrants the title to the respective interest which it or he conveys."

This is not an equitable action to impress a constructive trust for appellants' benefit upon property of their estate claimed to have been purchased directly or indirectly by their guardian. Appellants' suit is a statutory action of trespass to try title.

Appellants urge that they are vested with title to the land in question as heirs of their deceased father, Rice Alvis Pierson and, therefore, entitled to prevail. They contend that the court erred in holding valid the sale by the guardian, Mrs. Hazel Pierson Murphy, to Moorhead and the sale from Moorhead to Frank Murphy, who was the husband of the guardian. They contend that these sales were actually a part of the same transaction by which the guardian sold the land to her husband and were void because they were in violation of Article 4205, Vernon's Annotated Civil Statutes. The statute in question provides as follows:

"The guardian shall not become the purchaser either directly or indirectly of any property of the estate sold by him. If any guardian shall, directly or indirectly, become the purchaser of any property of his ward, at a sale made by such guardian, upon written complaint of any person, and after service of citation upon such guardian, and upon proof, such sale shall be held void and by the court set aside by order to that effect. The costs of such sale, and of suit, shall be adjudged against such guardian individually."

This attack on the guardian's sale and the judgment of the probate court confirming the sale is not a direct attack such as appears in the case of Jones v. Sun Oil Co., 137 Tex. 353, 153 S.W.2d 571, and in Wall v. Wall, Tex.Civ.App., 172 S.W.2d 181, but is a collateral attack on the court's judgment. Crawford v. McDonald, 88 Tex. 626, 33 S.W. 325, 327. In order to prevail in a collateral attack on a judgment, it is necessary to show that the judgment is void and not merely voidable.

We cannot agree with appellants' contention that the sale by the guardian to Emmett Moorhead of Section 126 is void. Ordinarily, a void judgment or proceeding is shown only when it ap-

pears from the face of the record that the judgment is illegal or unlawful. No irregularity is alleged or shown in the application to sell Section 126 or in the order of sale. Pursuant to the order of sale and in compliance with the terms thereof the guardian proceeded to sell the land to Emmett Moorhead for a cash consideration of $100. This sale was reported to the probate court by the guardian and the court then entered an order confirming the sale and authorizing the guardian to execute a deed to Moorhead. The guardian did execute the deed on March 21, 1935. There is nothing on the face of the record to show any illegal or unlawful action in connection with the sale.

■■ In the next place the facts upon which appellants base their contention that there was a void sale have been found against them. This precludes any recovery by appellants regardless of whether the facts which they rely upon, if true, would show a void or merely a voidable transaction. Appellants' contention is, in effect, that the purported sale by their guardian, Mrs. Hazel Pierson Murphy, to Emmett Moorhead was in fact a sale to her husband Frank Murphy; that by such purchase the property was acquired as the community property of Murphy and wife and therefore, the guardian acquired an interest in the land, in violation of the statute. This is the factual basis of appellants' contention that the sale by the guardian was in violation of the statute and that the sale was void. This fact was found against them in the trial court. The court found that the guardian's sale of Section 126 was made to Emmett Moorhead in good faith, and that the sale was not to Mrs. Hazel Pierson Murphy; that she was not the purchaser of the land either directly or indirectly; that the guardian's sale was not a sale to Frank Murphy but to Emmett Moorhead and that Frank Murphy purchased the land from Moorhead in good faith. These findings of the trial court, if allowed to stand, preclude a recovery by

appellants. The findings must be accepted as true unless the evidence is conclusive to the contrary. Appellants contend that the evidence to the effect that Moorhead, only four days after he purchased Section 126 from the guardian, sold the land to her husband, Frank Murphy, does conclusively establish the facts to be contrary to the findings of the trial court. We cannot agree with this contention. Such evidence, at most, raised only an issue of fact as to whether or not the deed from the guardian to Moorhead was a subterfuge by which the guardian made a sale of the property to her husband.

■ Even if it should be held that the guardian by the sale of Section 126 to Moorhead and by his subsequent sale of the land to her husband was in effect an indirect purchase of the land by the guardian or by her husband in violation of the statute, still the transaction would not be absolutely void but only voidable subject to proof presented at a hearing after complaint and notice in accordance with the terms of the statute. Davis v. Howe, Tex. Com.App., 213 S.W. 609 and Rutherford v. Carr, 99 Tex. 101, 87 S.W. 815.

■ The right to have such a sale by a guardian or administrator declared void and set aside may be barred by the statutes of limitation. Pearson v. Burditt, 26 Tex. 157. In the instant case the Smith defendants entered into possession of Section 126 upon receipt of the deed from Frank Murphy, joined by his wife, and the Citizens National Bank on March 31, 1936. The Smiths and those holding under them have at all times since continuously and without interruption held peaceable and adverse possession of Section 126 under title or color of title from the sovereignty of the soil and have claimed said land under said duly registered deed in writing which fixed the boundaries of the land and their claim thereto, cultivating, using and enjoying the land and paying all taxes thereon before they became delinquent.

All of appellants had been of age or free of the disabilities of minority for more than three years prior to the time this suit was filed on March 13, 1951. Donald G. Pierson was born October 11, 1925. His disabilities of minority were removed March 28, 1946. Betty Pierson Culver was born December 21, 1927. She married February 16, 1946. Doris Pierson Broadwell married sometime during the year of 1944, at which time she was about twenty years of age. If appellants had any cause of action entitling them to recover title to said land, their right was barred by Article 5507, Vernon's Annotated Texas Civil Statutes, commonly referred to as the three year statute of limitation.

This disposition of the matters discussed requires a judgment adverse to appellants and renders immaterial other points presented by them. For the reasons stated the judgment of the trial court is affirmed.