**Walter Eugene LAWRENCE, Appellant,**

**v.**

**Ora Naomi BRADLEY, Appellee.**

**No. 15166.**

Court of Civil Appeals of Texas.

Dallas.

Nov. 9, 1956.

John E. V. Jasper, Dallas, for appellant.

Scurry, Scurry & Pace, and Judson R. Wood, Dallas, for appellee.

DIXON, Chief Justice.

On January 27, 1949 James E. Bradley married Ora Naomi Rawlston in Rockwall, Texas. On May 10, 1952 Ora Naomi Bradley, nee Rawlston, sued James E. Bradley for divorce in cause No. 65621–F/J in a District Court of Dallas County, Texas. James E. Bradley signed a waiver of service of citation. On August 21, 1952 the divorce was granted and Ora Naomi Bradley was given custody of their two minor children. The judgment provided that the father might see and visit the children at reasonable times, and ordered him to pay $10 per week as child support. On March 15, 1955 James E. Bradley was held in contempt of court for failure to pay child support. He was in arrears $520. He was fined $100 and ordered to jail for seventy-two hours and thereafter until he purged himself by paying the arrears of child support.

On March 21, 1955 Walter Eugene Lawrence filed two suits against Ora Naomi Bradley. In the first suit he sought annulment of his marriage to Ora Naomi Bradley. He alleged that on January 27, 1949 under the assumed name of James E. Bradley he had married Ora Naomi Rawlston in Rockwall, Texas; that at the time he was a married man, having been married to Nancy Wynelle Briley on March 20, 1938; and that said marriage to Nancy Wynelle Lawrence, nee Briley, continued until May 21, 1952, at which time the marriage was dissolved by a judgment of divorce rendered by a District Court of Dallas County, Texas in cause No. 61857–A/J, styled Nancy Wynelle Lawrence v. Walter Eugene Lawrence. He alleged that his purported marriage to Ora Naomi Bradley, nee Rawlston, on January 27, 1949, was therefore void ab initio, and he prayed for judgment annuling and holding void said marriage.

The second suit filed by Walter Eugene Lawrence against Ora Naomi Bradley was in the nature of a Bill of Review. In it he repeated the allegations of his first suit and alleged further that he had been held in contempt of court for failure to pay the child support as provided in the alleged void judgment and would be sent to jail unless execution of the contempt judgment was enjoined. He prayed that the judgment of divorce granted to Ora Naomi Bradley be set aside and that his marriage to her be declared null and void.

The two suits were consolidated. Meantime a temporary injunction stayed execution of the contempt judgment.

On December 21, 1955 the case came on for trial. Only documentary evidence was introduced. This consisted of the two marriage licenses and the two divorce judgments. Judgment was rendered in favor of defendant Ora Naomi Bradley that plaintiff Walter Eugene Lawrence take nothing. The temporary injunction was dissolved.

In his first point on appeal appellant says that the trial court should have rendered judgment annuling the marriage between appellant and appellee.

■ We agree with appellee that appellant's position is not well taken. The judgment of divorce of August 21, 1952 dissolving the marriage of Ora Naomi Bradley and James E. Bradley had not been set aside. There can be no such thing as the annulment of a marriage already judicially dissolved by a judgment of divorce. Before a suit for annulment may proceed to adjudication, the prior divorce judgment must be set aside in a proper judicial proceeding.

There is nothing apparent on the face of the divorce judgment of August 21, 1952 in cause No. 65621, styled Ora Naomi Bradley v. James E. Bradley, which shows or even suggests any irregularity or infirmity in the divorce proceedings. The judgment contains this recital:

"On this day this cause coming on to be heard, came the plaintiff in person and by attorney, and announced ready for trial, that defendant having in writing waived the Issuance and Service of Citation, entered appearance herein, and agreed that this cause might be taken up and tried at any time.

"A jury being waived and the Court having heard the pleadings and the evidence and the argument of the counsel, is of the opinion that material allegations in plaintiff's petition are true."

■ We are aware that a void judgment is ordinarily subject to collateral attack, but as said in Longmire v. Taylor, Tex.Civ.App., 109 S.W.2d 525, at page 527: "* * * there is a well-recognized principle of law in this state that a judgment regular on its face, rendered by a court of general jurisdiction, is entitled to absolute verity, and is not subject to collateral attack. [Citing authorities.]"

The law on this point is stated in 25 Tex. Jur. 703–707, as follows: "* * * in order for a collateral attack to be entertained, the lack of jurisdiction must affirmatively appear, either upon the face of the judgment or in its record. If no defect of this kind is apparent, the judgment may not usually be regarded as void in the sense that it can be held for naught in an unrelated proceeding, although, of course, it may be attacked directly. In other words, a judgment may be invulnerable to collateral attack, even though it is in fact invalid, if it is fair and regular on its face or if its record reveals no lack of jurisdiction. * * * This rule is closely related to the principle which forbids the receipt of extrinsic evidence to vary, impeach or contradict the solemn judgment of a court. It is in effect a rule of evidence which limits the proof that may be offered by one seeking to show the invalidity of a judgment to what appears on its face or is contained in its record." Appellant's first point on appeal is overruled.

In his second point appellant says in effect that the court which granted a judgment of divorce in favor of Ora Naomi Bradley on August 21, 1952 did not have jurisdiction to try a divorce suit based on a void marriage, and accordingly the court in the instant case should have rendered judgment in appellant's favor setting aside the divorce judgment and dismissing the divorce suit.

 We think that appellant's contention is without merit for several reasons. A Bill of Review is a proceeding in equity. Before one is entitled to relief by way of a Bill of Review he must plead and prove that the judgment which he seeks to set aside was not the result of his own negligence or fraud, but was the fault of the other party. He must come into court with clean hands. Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996; Bankston v. Bankston, Tex.Civ.App., 251 S.W.2d 768.

In the instant case appellant does not meet any of the above requisites. Though appellant did not testify, the record makes out a case against him. In his petition he alleges that he married Ora Naomi Bradley under an assumed name. When she sued for divorce he signed a waiver under his assumed name. It was not until more than two and a half years after the divorce was granted that he disclosed his true name and his prior marriage. And he did not disclose such alleged facts until he was faced with prison for his failure to pay support for his two children by Ora Naomi Bradley, his disclosure plainly being made for the purpose of avoiding prison and the burden of child support. The record discloses a lack of diligence, a lack of good faith, a lack of clean hands on appellant's part, and an attempt by appellant, if his own allegations are accepted as true, to gain an advantage based on his own fraudulent and bigamous conduct. There is nothing in the record to show that Ora Naomi Bradley was a party to appellant's wrongful conduct, or even was aware of it until he filed his two suits in 1955.

 Appellee pled estoppel. The trial judge filed no findings of fact or conclusions of law. But we must presume that he made implied findings in support of his judgment. We think appellee's plea of estoppel is a valid defense, and that it has ample support in the evidence in this case. Askew v. Rountree, Tex.Civ.App., 120 S.W.2d 117. In 25 Tex.Jur. 689, it is said:

"* * * a party may lose the right to attack even a void judgment, if his conduct has been such as to work an estoppel." Appellant's second point is overruled.

The judgment of the trial court is affirmed.