**Mirta Rodriguez de RAMOS et al.,**
**Appellants,**

v.

**Lamar S. de RODRIGUEZ et al., Appellees.**

No. 13219.

Court of Civil Appeals of Texas.

San Antonio.

June 19, 1957.

Rehearing Denied July 17, 1957.

Maher & Maher, Bismark Pope, Laredo, for appellants.

J. G. Hornberger, Gordon Gibson, Laredo, for appellees.

BARROW, Justice.

This suit involves the validity of a guardian's sale of an undivided one-eighth interest in the estate of Maria A. Vda. de Rodriguez, deceased. Mrs. Rodriguez died, intestate, in November, 1939, and left an estate of real and personal property, a part of which is the subject of this suit. She left eight children, one of whom is Manuel J. Rodriguez, who was appointed and qualified as administrator of her estate. Aurora, a daughter, pre-deceased her mother and left three children, the appellants, who were minors at the time of Mrs. Rodriguez' death. Mrs. Rodriguez also left another son, Miguel A. Rodriguez, who in February, 1940, was appointed and qualified as guardian of the three minors. The other five children of Mrs. Rodriguez are immaterial to this decision. The original estate was never partitioned and is still in the hands of Manuel J. Rodriguez as administrator. In June, 1940, Miguel A. Rodriguez as guardian, filed application with the Probate Court of Webb County to sell the undivided interest of said minors in the estate of Maria A. Vda. de Rodriguez, which was being administered by Manuel J. Rodriguez. In July, 1940, after due and regular proceedings, a sale of the undivided one-eighth interest in said estate, belonging to said minors, was made by Miguel A. Rodriguez, Guardian, to Lamar S. de Rodriguez, who was and is the wife of Manuel J. Rodriguez.

The trial of the case in the district court was to the court and judgment rendered upholding the validity of the guardian's sale and conveyance. This appeal is from that judgment.

Appellants assail the judgment on four points of error, viz.:

"1. The guardian, being an uncle of the wards and a brother of the executor, and having an equal interest in the estate of Maria Adame vda. de Rodriguez, with his brother and with said wards, had no power or right under the law to receive their estate at any distribution, and there having been no distribution and partition, he never had possession of their estate and was without power to sell title thereto.

"2. Lamar S. de Rodriguez, wife of the administrator of the estate of Maria Adame vda. de Rodriguez and being

a community partner of his, could not purchase the estate in his hands which had never been partitioned and distributed to the minors of the guardian, and her attempt to purchase the same constituted an indirect attempt to buy property in the hands of the executor.

"3. Miguel A. Rodriguez, a guardian, Manuel J. Rodriguez, the administrator, and Lamar S. de Rodriguez, wife of the administrator, occupied such a relation and fiduciary relationships to these appellants who were very young, and were so closely related to them by blood and marriage, as to exercise an influence over them, and their actions in dealing with the property of the minors during their minority, was such that fraud is presumed, and the burden was upon them to show that there was no fraud and that the minors were not over-reached.

"4. Since Lamar S. de Rodriguez and Manuel J. Rodriguez, attempting to make the purchase of the estate of these appellants, held whatever estate they received at the sale as trustees for appellants, who were beneficiaries, limitation did not run against appellants until they had notice of the fact that they were over-reached, and there being no showing that any notice of such fact came into their possession, limitation did not run against them in this action."

■ By appellants' first point they contend, that since the property was in the hands of the administrator and the guardian had an interest therein, along with the minors and other persons, he was disqualified to represent the minors in a partition, and therefore could not have come into possession of the minors' property as guardian, and had no power to sell the minors' estate until he came into possession thereof. This contention is without merit. The statutes expressly authorize the guardian to sell the minors' undivided interest in property held in common with others. Art. 4195, R.C.S.1925 (now §§ 329, 341, Probate Code, V.A.T.S.).

■ By appellants' second point they contend that since the purchaser from the guardian was the wife of the administrator, who as such had the property in his possession, it amounted in effect to a purchase by the administrator of property of the estate in his charge. The law does prohibit the administrator from being the purchaser, directly or indirectly, of property of the estate sold by him as administrator, but there is nothing in the law which prohibits an administrator from buying the undivided interest of one or more of the co-owners of the estate he is administering. He cannot directly or indirectly sell to himself. Art. 3579, R.C.S.1925 (now § 352, Probate Code).

■ By appellants' third point they contend that inasmuch as Miguel A. Rodriguez, the guardian, Manuel J. Rodriguez, the administrator, and Manuel's wife, the purchaser, are uncles and aunt of the minors, that they occupy a fiduciary relationship to the minors, and therefore the law presumes that their dealings in the sale of the minors' property were fraudulent. Appellants do not claim that Miguel A. Rodriguez, the Guardian, either directly or indirectly, acquired any interest in the property sold by him as such. The statute provides that next of kin shall be appointed guardian, Art. 4120, R.C.S.1925 (now § 109, Probate Code), hence, the law presumes that persons in close relationship with the minors will be best qualified to look after the interest of the minors. Appellants argue that since the guardian sold the property to his brother's wife and the consideration was inadequate, the presumption of fraud should be indulged. This argument cannot be sustained. This Court is required to presume that all issuable facts were found by the trial court in such manner as to support the judgment. Sgitcovich v. Oldfield, Tex.Civ.App., 220 S.W.

2d 724, error refused. Moreover, the record shows that the Probate Court in its order confirming the guardian's sale, found that the sale was fairly made and for a fair price. There is nothing on the face of the record to show any illegal or unlawful action in connection with the guardian's sale and therefore it was not void. Any attempt by appellants to go beyond the record to show extraneous matters that would render the sale voidable, constitutes a collateral attack on the judgment of the Probate Court and cannot be maintained. Crawford v. McDonald, 88 Tex. 626, 33 S.W. 325; Pierson v. Smith, Tex.Civ.App., 292 S.W.2d 689, err. ref.

■ Kreis v. Kreis, Tex.Civ.App., 57 S.W.2d 1107, and Wipff v. Heider, 6 Tex. Civ.App. 685, 26 S.W. 118, cited by appellants, are not in point for the reason that the sale in this case was not made by Manuel J. Rodrigruez, administrator, but by Miguel A. Rodriguez, the guardian, selling to the wife of his brother Manuel the undivided interest of appellants in the estate of their grandmother, of which Manuel J. Rodriguez was administrator. The legality and propriety of this sale is controlled by the guardianship proceeding and not by the administration proceedings.

Dilbeck v. Blackwell, Tex.Civ.App., 126 S.W.2d 760, is not in point for the same reason. In that case it was charged that the sale was made by the executor, who sold the property to a third party with the fraudulent intent of owning the property himself, and that in reality the executor became the indirect purchaser of the property as prohibited by statute. In the instant case Manuel J. Rodriguez, administrator, had nothing to do with selling the property. His wife became the purchaser at a guardian's sale, and it is not even contended that the guardian was an indirect purchaser or acquired any interest in the property sold.

The judgment is affirmed.