**B. G. MUELLER, Appellant,**

v.

**C. Stanley BANKS, Independent Executor of the Estate of Henry Mueller, Deceased, et al., Appellees.**

No. 13567.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 24, 1960.

Robt. H. Rice, San Antonio, for appellant.

House, Mercer & House, San Antonio, for appellee.

BARROW, Justice.

This is a suit by B. G. Mueller and F. W. Huber as plaintiffs, against C. Stanley Banks, Independent Executor of the Estate of Henry Mueller, Deceased, John W. McVay, and Flour Mills of America, Inc., as defendants, to set aside an order dated October 21, 1952, in Cause No. F–71586 in the 57th District Court of Bexar County, providing that F. W. Huber and B. G. Mueller would transfer all their interest in the partnership business known as Mueller-Huber Grain Company to Henry Mueller, in consideration of their release from all partnership debts, and a second order, signed November 5, 1952, dismissing said cause No. F–71586 in the 57th District Court of Bexar County, and providing as follows:

"It Is Therefore Ordered, Adjudged and Decreed that this cause be and the same is hereby dismissed with prejudice as to all claims of every kind and character, whether pleaded herein or not, held or asserted by the plaintiff, Henry Mueller against the defendants, F. W. Huber and B. G. Mueller and with prejudice as to all claims of every kind and character, whether asserted herein or not, held by the defendants, F. W. Huber and B. G. Mueller as against the plaintiff, Henry Mueller, are hereby dismissed with prejudice as to all such claims, provided, however, that the rights of the parties as against one another under an escrow agreement dated of even date herewith between the parties and Alamo National Bank shall remain in full force and effect."

The case as to Flour Mills of America, Inc., was severed by order of the court and is not involved in this appeal.

Defendants C. Stanley Banks, Independent Executor of the Estate of Henry Mueller, Deceased, and John W. McVay filed answers, and each filed motions for summary judgment, supported by affidavits, admissions and documentary evidence attached to said motions. The plaintiffs filed replies to said motions, and after a hearing the trial court granted the motion of each defendant and entered judgment for defendants. The plaintiff B. G. Mueller alone has appealed.

Appellant relies for reversal on the following points:

"(1) The error of the Court in entering Summary Judgment for Defendants, it being apparent on the face of the record that such court acquired no jurisdiction by the Original Petition of Henry Mueller which alleged no value for the partnership property. The orders dated October 21, 1952 and November 5, 1952, are therefore void and subject to attack at any time.

"(2) The opinion of this Court of Civil Appeals on the prior appeal [317 S.W.2d 254] established the law of this case, and the Plaintiff's cause of action is not barred by limitation.

"(3) Since neither Henry Mueller nor Defendants below had paid partnership creditors, and there had been no accounting as between the partners and no dissolution of the partnership, the Plaintiff's action could not have been barred by limitation.

"(4) This Court of Civil Appeals having held that the pleadings of the Plaintiff, if taken to be true, were sufficient to state a cause of action, the trial court erred in granting summary judgment.

"(5) The Defendants' Motion for Summary Judgment without support of affidavit were insufficient in law on which to base such motion, and the trial court erred in granting such motion, there being many factual issues not resolved.

"(6) The order and judgment of the Court entered on October 21, 1952 and

November 5, 1952 having been entered without the knowledge and consent of Beverly G. Mueller is as to him void, since same pretends to be 'with prejudice to all claims of every kind and character, whether pleaded herein or not,' and the trial court erred in granting summary judgment, the attorneys and court having no right or authority to so bind Plaintiff except with his expressed knowledge and consent.

"(7) C. Stanley Banks, Independent Executor of the Estate of Henry Mueller, Deceased, holds the properties as trustee of creditors and beneficiaries, and no limitation runs as to him until he repudiates the trust. The trial court erred therefore in granting summary judgment.

"(8) The trial court erred in granting summary judgment. The orders by which the pretended sale of the properties of the old Mueller-Huber Grain Company by Probate Court having been appealed to the District Court, the appeal dismissed and never having been remanded to the Probate Court, such orders are ineffectual for any purpose and Defendant McVay never acquired any title to any of such properties.

"(9) The trial court erred in granting summary judgment for that neither motion filed by the Defendants prove there are no fact issues involved in this case."

Under the view we take of this case, we do not deem it necessary to separately discuss each of appellant's points.

Appellant attacks the motions for summary judgment because the motions are not sworn to. It appears from the motions and the documents attached thereto in support thereof, that all issues of fact which would support a judgment in favor of appellant have been negatived. Our Supreme Court in Willoughby v. Jones, 151 Tex. 435,

251 S.W.2d 508, 513, has settled the law in that respect in the following statement:

"Coming now to the postponed questions, we agree, of course, with the unanimous view below that a summary judgment is not necessarily out of order where the corresponding motion is unverified and unsupported by affidavits. Rule 166–A, Texas Rules of Civil Procedure; 4 McDonald, Texas Civil Practice, § 17.26, p. 1386 et seq. If by reference to the pleadings of the respondents in the instant case and other records which the trial court might properly notice, there was ground for a judgment as a matter of law for the movant (petitioner here) summary judgment was proper. 4 McDonald, op. cit., supra, p. 1394, Note 34."

Therefore, unless appellant has by his reply asserted facts under oath, as required by Rule 166–A, T.R.C.P., which would entitle him to judgment, the motion should be granted. The rule requires that all supporting and opposing affidavits must be made on personal knowledge, and "shall show affirmatively that the affiant is competent to testify to the matters stated therein." Thus the question presented is, Does appellant's reply to the motions show that, as a matter of law, the motions should be overruled, or does it properly raise germane issues of fact to be tried before the court or jury?

■■ We have carefully examined the record in the case, and find that the petition of Henry Mueller in Cause No. F–71586 shows the amount in controversy to be more than $50,000. We also find, from appellant's answer therein, that the amount in controversy far exceeded the amount alleged by Henry Mueller. In determining whether a judgment is void, the entire record must be looked to. Martin v. Sheppard, 145 Tex. 639, 201 S.W.2d 810; Mabee v. McDonald, 107 Tex. 139, 175 S.W. 676; Ramos v. Rodriguez, Tex.Civ.App., 304 S.W.2d 274; Pierson v. Smith, Tex.Civ.App., 292 S.W.2d 689; Carson v. Taylor, Tex.

Civ.App., 261 S.W. 824; Litton v. Waters, Tex.Civ.App., 161 S.W.2d 1095.

Appellant also attacks the judgment entered in said cause because it was entered without his consent or knowledge, and states that his attorneys had no authority to approve said judgment. The record in this case fails to show that appellant's pleading raised such issue. There are no affidavits or exhibits to show that said judgment was so entered.

■ Appellees urge that appellant is estopped to assert that the judgments involved herein are invalid by reason of the fact that he has accepted and retained the benefits accruing to him under the judgments. We think this contention is sound. The record shows that the first order was entered October 21, 1952, in connection with a proposed settlement of the controversy between the parties. That under the terms thereof Henry Mueller was to pay into the partnership funds the sum of $20,-000 in cash, and was to pay off the creditors of the partnership, in exchange for a transfer from appellant and Huber of all their rights, title and interest in and to the partnership and its property, with the exception of the office equipment used by B. G. Mueller in the office at 1316 East Houston Street in San Antonio, Texas. Thereafter, on October 30, 1952, appellant and Huber assigned to Henry Mueller the lease contract with the Texas & New Orleans Ry. Co., covering the real estate upon which the partnership property was situated, and in said agreement Henry Mueller assumed, and appellant and Huber were relieved of, the payment of rents thereon. The record also shows that on the day the final judgment was rendered, November 5, 1952, appellant and Huber, in conformity with said settlement, by instrument duly executed and acknowledged, assigned to Henry Mueller all the physical assets and property of the Mueller-Huber Grain Company. Henry Mueller at the same time assigned the above mentioned office equipment to B. G. Mueller. The record further shows that

Henry Mueller paid into the partnership funds the above mentioned $20,000, and has paid all the debts of said former partnership with the exception of that due the defendant Flour Mills of America, Inc. The record shows that appellant has accepted and retained all these benefits and has not offered to restore them.

It is well settled in this State, based upon sound principles of equity, that one who accepts and retains the benefits and fruits of a judgment is thereafter estopped to assert its invalidity, and that a party may lose his right to attack a void judgment by such conduct as to work an equitable estoppel. Lawrence v. Bradley, Tex.Civ. App., 295 S.W.2d 746; Marshall v. Lockhead, Tex.Civ.App., 245 S.W.2d 307; Thompson v. Thompson, Tex.Civ.App., 238 S.W.2d 218; 31 Am.Jur. 92, § 432; 49 C.J.S. Judgments § 453, p. 884; 17 Tex. Jur. 135, § 7.

■ Moreover, it appears from the record that following the death of Henry Mueller, appellant, B. G. Mueller, on January 2, 1953, filed an application in the Probate Court of Bexar County, Texas, for the appointment of a temporary administrator of the estate of Henry Mueller, deceased, and therein alleged that Henry Mueller was the sole owner of the property involved in this suit and which was involved in the judgments herein attacked, and the same property which was assigned and conveyed to Henry Mueller by the above mentioned assignment. The record shows that temporary administration was granted and ordered on the application, and further shows that, thereafter, the same property was sold by the temporary administrator as the property of said estate, and at said sale the appellant, B. G. Mueller, bid for said property the sum of $36,-500.00. The position appellant takes in the present proceeding is entirely inconsistent with and contrary to his action and declarations in the above proceedings, and by reason thereof he is now estopped to assert that the judgments involved are invalid.

The Supreme Court in Long v. Knox, 155 Tex. 581, 291 S.W.2d 292, 295, has laid down the rule of judicial estoppel applicable here in the following language:

"The doctrine of judicial estoppel is not strictly speaking estoppel at all but arises from positive rules of procedure based on justice and sound public policy. It is to be distinguished from equitable estoppel based on inconsistency in judicial proceedings because the elements of reliance and injury essential to equitable estoppel need not be present. 'Under the doctrine of judicial estoppel, as distinguished from equitable estoppel by inconsistency, a party is estopped merely by the fact of having alleged or admitted in his pleadings in a former proceeding under oath the contrary to the assertion sought to be made.' 31 C. J.S. Estoppel § 121, p. 390; Grier v. Canada, 119 Tenn. 17, 107 S.W. 970; Sartain v. Dixie Coal & Iron Co., 150 Tenn. 633, 266 S.W. 313."

It has been said that a person in a subsequent suit is estopped from taking a position adverse to that previously taken, by pleadings or otherwise, in the same matter. Jones v. Jones, Tex.Civ.App., 301 S.W.2d 310.

Appellant contends that the temporary administrator's sale of the assets of the Mueller-Huber Grain Co., to appellee McVay is invalid because, he says, both the order of sale and the order confirming the sale were appealed to the District Court, and the Probate Court had lost jurisdiction to make and enter such orders. This contention must be overruled. The orders of the probate court, properly certified, appear as exhibits attached to appellees' motion for summary judgment. It must be presumed that the court acted properly unless the contrary is shown. There is nothing in the record to show that any such orders of the probate court were appealed to the district court, except appellant's pleading. Furthermore, under the view we take of the case, title to the property passed, for the various reasons herein stated, to Henry Mueller. Therefore, appellant has no justiciable interest therein, inasmuch as he does not claim the same either as heir or legatee of Henry Mueller. If the sale is valid, the property belongs to appellee McVay; if the sale is invalid the property belongs to the estate of Henry Mueller, deceased.

Appellant also contends that the decision of this Court, opinion by Justice Pope, on the former appeal of this case has become the law of the case. The only matter passed upon in that decision was the sufficiency of appellant's pleading. This Court held that appellant's pleading did not show on its face that appellant's claim was barred by the four-year statute of limitation, because of the intervening death of Henry Mueller; whereas, the case before us now is upon motions for summary judgment, appellant's pleadings having been pierced under the provisions of Rule 166–A, T.R.C.P. Moreover, inasmuch as we have determined from the record before this Court that there is no merit to appellant's claim, we do not deem it necessary to pass upon the question of limitation.

We think the trial court properly sustained the motions for summary judgment of the appellees and accordingly rendered a take nothing judgment against appellant.

The judgment is affirmed.