**Joseph David TEMPLETON, Appellant,**

v.

**Betty Louise TEMPLETON, Appellee.**

**No. 16468.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

March 27, 1975.

Bonham, Davis, Carrington & Fox, Bill F. Davis, Roger R. Evans, Houston, for appellant.

Jim D. Parish, Houston, for appellee.

EVANS, Justice.

Appellant, Joseph David Templeton, by equitable bill of review and related motion sought to terminate child support obligations imposed upon him under a Harris County divorce decree entered January 14, 1972. The trial court, in nonjury trial, denied relief. We affirm.

Prior to her marriage to Templeton, appellee, Betty Louise Templeton, was married to Ronald Conrad Guenther. That marriage was terminated by divorce decree in Pottawatomie County, Oklahoma dated July 1, 1965 and under that decree Mr. Guenther was required to pay $100.00 per month for the support of the yet unborn child.

In his bill of review, Joseph David Templeton contends that he was not aware of the support provisions in the Oklahoma decree at the time he was divorced from Betty Louise Templeton and that not having been informed of such fact, he was deprived of the opportunity to assert such fact in the divorce court as a defense to his wife's claim for child support.

The current proceedings were first instituted by motion to terminate child support filed by Joseph David Templeton. At the conclusion of presentation of evidence on this motion, the trial court made no ruling but authorized Templeton to file a bill of review and set hearing for a later date. At the subsequent hearing, no additional evidence was presented but recitals in the trial court's judgment and statements of counsel to this court upon submission, indicate agreement of the parties that the trial court's judgment be based upon the evidence earlier presented on the motion to terminate. We therefore have considered on this appeal the evidence in the record presented at the hearing on the motion to terminate.

The evidence shows that Betty Louise Templeton married Joseph David Templeton within several days following her divorce from Guenther. She was approximately eight months pregnant at the time of her remarriage and her child was born approximately one month later. The child was given the name Jeffery Allen Templeton.

After some six years of marriage, Betty Louise and Joseph David Templeton were divorced in Harris County, Texas. The court found "that there was born one child of this marriage . . . Jeffery Allen Templeton" and ordered Joseph Templeton to pay $30.00 per week as child support.

In June, 1973, somewhat over a year following the entry of the divorce decree, Joseph David Templeton filed motion to reduce his child support obligation, alleging that his income was less than at the time of the divorce and that he had accumulated numerous debts. In the sworn motion he asserted that Jeffery Allen Templeton was the minor child of the parties.

In October, 1973 Joseph David Templeton filed motion to terminate his child support obligations which precipitated these proceedings. In this motion he alleged that at the time of the entry of the divorce decree, testimony was heard that the child

was not his child, that it had been conceived in a prior marriage between Betty Louise and Ronald Conrad Guenther, and that his obligation to pay child support should be terminated in view of Guenther's child support obligations under the Oklahoma divorce decree. Templeton also asserted in his motion that the Harris County divorce court had made determination at the time of the divorce proceeding that Joseph David Templeton had adopted the child by estoppel.

In its findings of fact in the case before us, the trial court found that Joseph David Templeton "although aware of the very recent divorce, as well as the fact that the mother of the child was eight months pregnant at the time of this marriage nevertheless, gave the minor child, Jeffery Allen, his last name and held this child out for all purposes as being his own child in every respect." The court also found that the divorce court had determined in its decree that Jeffery Allen Templeton was born to or adopted by the parties' marriage and consequently ordered Templeton to pay child support in the amount specified. The court further found that Templeton had continued to make his child support payments and by sworn affidavit in the proceedings had acknowledged that Jeffery Allen Templeton was his child. The court concluded that the child was born of the marriage between Joseph David Templeton and Betty Louise Templeton and that Templeton's conduct in admitting under oath that the child was his and in holding the child out as his own for many years constituted an adoption by estoppel and obligated him to contribute toward the child's support.

The status of the child and the parties' legal obligations with respect to support of the child were matters before the court at the time the divorce decree was rendered. While Joseph David Templeton asserts that Betty Louise Templeton fraudulently withheld information concerning her former husband's obligations to pay child support for the child, the evidence establishes that

Templeton knew the child had been conceived in a prior marriage between Betty Louise and Ronald Conrad Guenther, was aware of their divorce and that she was in late pregnancy with the child at the time of his marriage to her. On the basis of this knowledge Joseph David Templeton was placed upon inquiry as to particulars of the prior divorce which might affect his relationship to the child and his legal obligations for child support. There was also testimony from which the trial court could have concluded that Templeton was aware that Betty Louise had the right to seek child support from her former husband and that he suggested she not pursue the matter so that her former husband would not exercise his visitation privileges.

A person seeking relief from a final judgment by bill of review "must plead and prove that the judgment which he seeks to set aside was not the result of his own negligence or fraud, but was the fault of the other party. He must come into court with clean hands. Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996; Bankston v. Bankston, 251 S.W.2d 768 (Tex.Civ.App.)." Lawrence v. Bradley, 295 S.W.2d 746 (Tex. Civ.App.–Dallas 1956, no writ).

> "Fraud in its relation to attacks on final judgments is either extrinsic or intrinsic. Only extrinsic fraud will entitle a complainant to relief because it is a wrongful act committed 'by the other party to the suit which has prevented the losing party either from knowing about his rights or defenses, or from having a fair opportunity of presenting them upon the trial. Such, for instance, as where he has been misled by his adversary by fraud or deception, did not know of the suit, or was betrayed by his attorney. In other words, fraud which denied him the opportunity to fully litigate upon the trial all the rights or defenses he was entitled to assert. "Intrinsic fraud" in the procurement of a judgment is not ground, however, for vacating such judgment in an independent suit brought for that purpose. And

within that term is included such matters as fraudulent instruments, *perjured testimony, or any matter which was actually presented to and considered by the trial court in rendering the judgment assailed.'* . . . " Alexander v. Hagedorn, supra, 226 S.W.2d at p. 1001.

There is no showing that Joseph David Templeton was prevented from knowing about his rights or defenses or from having a fair opportunity of presenting his position in the divorce proceedings by reason of any fault or misconduct on the part of his former wife. On the other hand, the record discloses that if there was any failure to present full and complete evidence to the divorce court, such was due to his lack of diligence and is not attributable to the other party.

Affirmed.